■ JACQUELINE HOUSTON et al., Respondents, v. EMPIRE MUTUAL INSURANCE COMPANY, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, et al., Defendants.— In an action for a declaratory judgment, the appeal is from a judgment of the Supreme Court, Kings County, entered March 8, 1971, after a nonjury trial. Judgment reversed, on the law, without costs; the findings of fact below are affirmed; and judgment directed to be entered declaring that (1) the purported cancellation of insurance coverage by defendant Empire Mutual Insurance Company was invalid for failure to give its insured, defendant Curtis Nicholson, 20 days' notice of cancellation as required by section 313 of the Vehicle and Traffic Law; (2) Empire's disclaimer of liability with respect to defending Nicholson in plaintiffs' pending action in the Civil Court of the City of New York is invalid and of no force and effect; (3) Empire is obligated to defend Nicholson in that action and to pay any recovery against him therein up to the monetary limits of its insurance coverage; and (4) defendant Motor Vehicle Accident Indemnification Corporation is not obligated to defend Nicholson in that action. On November 10, 1965 an insurance broker issued Empire's auomobile liability insurance binder to defendant Nicholson. Empire admits it was bound by this binder and concedes that no policy was ever issued. In the course of investigating the proposed insured Empire discovered he had a learner's permit. It was against company policy to insure a vehicle where no one in the household of the proposed insured held an operator's license; and on December 31, 1965 Empire mailed Nicholson a notice of cancellation, dated the same day, effective as of 12:01 A.M. on January 10, 1966. The reason for cancellation was stated to be an underwriting judgment by reason of the learner's permit. On January 15, 1966 a collision occurred between defendant Nicholson's motor vehicle, which bore New York license plate 4468Y for the year 1966, and a vehicle owned by defendant Facet Cab Corp. and operated by defendant William Mapp. The plaintiff wife was a passenger in the latter vehicle and allegedly suffered personal injuries as a result of the collision. She and her husband sued Nicholson, Facet and Mapp to recover damages for her personal injuries and his loss of services and the action was transferred from the Supreme Court to the Civil Court of the City of New

York, where it is now pending. Defendant Nicholson was served by substituted service but defaulted in appearing and answering. Plaintiffs requested Empire to appear and defend in Nicholson's behalf, but it refused to do so and disclaimed liability on the ground that its coverage of Nicholson had been canceled on January 10, 1966, five days before the accident. Defendant MVAIC was duly notified and the present action for a declaratory judgment followed, which is essentially a contest between Empire and MVAIC as to who must defend Nicholson. The Special Term found that Empire's cancellation was valid under section 347 of the Vehicle and Traffic Law and rendered judgment declaring, *inter alia*, that MVAIC, not Empire, was obligated to defend Nicholson. In our opinion this was error. In these circumstances we find that section 313 of the Vehicle and Traffic Law applies. As indicated, Empire's stated reason for cancellation was an underwriting judgment by reason of the learner's permit. Although no premium was ever paid by Nicholson, Empire did not then, and does not now, claim that the cancellation was for nonpayment of premium. We therefore conclude that section 313 required Empire to give Nicholson 20 days' notice of cancellation. Its failure to do so invalidated the purported cancellation; and its disclaimer of liability and refusal to defend Nicholson in the pending Civil Court action was therefore unwarranted. Empire, not MVAIC, is obligated to defend Nicholson. Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.