In the Matter of the Arbitration between NASSAU INSURANCE COMPANY, Appellant, and DORA EPPS, Respondent. PUBLIC SERVICE MUTUAL INSURANCE Co., Respondent.

Second Department, July 24, 1978

474

APPEARANCES OF COUNSEL

*Wolff & Hass (Morris Hass* of counsel), for appellant.

*Melvin W. Knyper (Ira Bartfield* of counsel), for Dora Epps, respondent.

*Gantman, Cyperstein & Peckman (Nathan Cyperstein* of counsel; *Alvin P. Bluthman* on the brief), for Public Service Mutual Insurance Co., respondent.

## OPINION OF THE COURT

SHAPIRO, J.

■ The core issue here is whether subdivision 1 of section 313 of the Vehicle and Traffic Law, which provides that "where the cancellation [of an automobile insurance policy] is for non-payment of premium * * * *ten* days notice of cancellation by the insurer shall be sufficient" (emphasis supplied), was impliedly repealed by the 1974 amendment to the Insurance Law, which added a new section 167-a (L 1974, ch 1072, § 2). Paragraph (d) of subdivision (1) of section 167-a provides, in part, that "[p]ayment to the insurer * * * shall be timely if made within *fifteen* days after the mailing to the insured of a notice of cancellation for nonpayment of premium" (emphasis supplied). We hold that despite the confusion caused by the 1974 statute, subdivision 1 of section 313 of the Vehicle and Traffic Law is still in effect so that a 10-day notice of cancellation of an insurance contract for nonpayment of premium is effective where the premium remains unpaid more than 15 days after the mailing to the insured of the notice of cancellation.

### THE FACTS

On June 3, 1975 Dora Epps was injured while a passenger in a taxicab owned by one Silvio Censale, when it collided

with an automobile owned by one Gaylord Johnson. Respondent Public Service Mutual Insurance Co. (Public Service) had issued an automobile liability policy to Mr. Johnson, but it claimed that the policy was canceled for nonpayment of premium as of April 17, 1975 at 12:01 A.M., pursuant to a notice of cancellation mailed to him on April 2, 1975. As a consequence, Dora Epps sought arbitration under the uninsured motorist indorsement of the liability policy issued by appellant, Nassau Insurance Company, to Mr. Censale, the owner of the taxicab, contending that Mr. Johnson's vehicle had been uninsured at the time of the accident. Since the "15 days' [specified in the Insurance Law] * * * means 15 times 24 hours" *(Nassau Ins. Co. v Lion Ins. Co.,* 89 Misc 2d 982, 986; see, also, *Savino v Merchants Mut. Ins. Co.,* 44 NY2d 625), and not 14 days and one minute *(Johnson v General Mut. Ins. Co.,* 24 NY2d 42)—the time given by the notice of cancellation in this case—Nassau Insurance Company sought a stay of arbitration arguing, *inter alia,* that Public Service's notice of cancellation was ineffective for failure to give Mr. Johnson a full *15* days' notice of cancellation. If 15 days' notice was in fact required, the notice of cancellation was void and of no effect (see *Houston v Empire Mut. Ins. Co.,* 37 AD2d 605; General Construction Law, § 20).

Special Term, in denying the application for a stay of arbitration, held that Public Service had effectively canceled the insurance policy since only 10 days' notice of cancellation was required. We agree.

### LEGISLATIVE BACKGROUND

The relevant provisions of the Vehicle and Traffic Law:

In 1956 section 93-c of the Vehicle and Traffic Law, entitled "Notice of termination", was enacted (L 1956, ch 655). It stated that no insurance contract "shall be terminated by cancellation * * * by the insurer until at least ten days after mailing [of] * * * notice of termination", with the effective date and hour of termination to be stated in the notice.

Two years later this section was amended (L 1958, ch 661) to provide that 20 days' notice was to be given, "except where the cancellation is for non-payment of premium in which case ten days notice of cancellation by the insurer shall be sufficient."

In 1959 the Vehicle and Traffic Law was recodified. The

applicable part of former section 93-c became section 313 of the new Vehicle and Traffic Law (L 1959, ch 775). The language, insofar as relevant, was the same, to wit, where cancellation is for nonpayment, "ten days notice of cancellation by the insurer shall be sufficient".

The relevant provisions of the Insurance Law:

In 1968 section 167-a of the Insurance Law, entitled "Automobile insurance policies; cancellation and renewal provisions", was enacted (L 1968, ch 771). Subdivision 1 thereof contained the statutory definitions. Paragraph (f) stated: " 'Nonpayment of premium' means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy of automobile insurance".

In 1971 (L 1971, ch 1033) paragraph (f) was amended to provide that "[p]ayment to the insurer * * * shall be timely if made *within ten days after receipt by the insured* of a notice of cancellation for nonpayment of premium" (emphasis supplied). Thus, at that time both the Vehicle and Traffic Law and the Insurance Law coincided so far as the 10-day cancellation provision was concerned. However, in 1974 section 167-a was expanded by incorporating therein former sections 116-a and 167-b of the Insurance Law (L 1974, ch 1072). Insofar as relevant, paragraph (d) of subdivision (1) of the new section 167-a provided that "[p]ayment to the insurer * * * shall be timely if *made within fifteen days after the mailing to the insured* of a notice of cancellation for nonpayment of premium."[1]

Thus, by the 1974 amendment to the Insurance Law, the applicable number of days was to be computed from the date of mailing, rather than (as previously) from the date of receipt. This was done to eliminate the difficulty of determining when the notice was actually received; but if the same 10 days' notice was to be provided from the date of mailing as had been the case where the computation was made from the date of receipt, the new statute would effectively give less notice to the insured than the previous statute. Accordingly, and apparently to compensate for this, the number of days' notice in which the past due premium could be paid was increased from "ten days after receipt" to within 15 days

---

1. Section 167-a of the Insurance Law was again amended in 1976 (L 1976, ch 348) and 1977 (L 1977, ch 214), but the amendments did not relate to cancellation for nonpayment of premium.

"after the mailing". We have examined the legislative bill jacket in connection with this amendment and find that no mention is made therein, or in the Governor's approval of the change, with respect to section 313 of the Vehicle and Traffic Law, which states that "ten days notice of cancellation by the insurer shall be sufficient".

## THE CIRCULAR LETTER OF THE SUPERINTENDENT OF INSURANCE[2]

On November 7, 1974 Superintendent of Insurance Benjamin R. Schenck, in an apparent attempt to delineate a uniform procedure to be followed when an insurer desired to cancel a policy for nonpayment of a premium, mailed "Circular Letter No. 2" to "ALL INSURERS AUTHORIZED TO WRITE AUTOMOBILE INSURANCE IN THE STATE OF NEW YORK". In this letter he referred to the 1974 amendment to section 167-a (subd [1], par [d]) of the Insurance Law and stated:

"Thus, while Section 313 of the Vehicle and Traffic Law requires at least ten days notice of cancellation for non-payment of premium and the [previous] Circular Letter requires that such cancellation be unconditional, Section 167 [sic] of the Insurance Law requires a grace period of 15 days, during which the insured may retain coverage even though a notice of cancellation has been issued.

"In view of the foregoing, the February 25, 1966 Circular Letter is hereby REPEALED.

"The following procedures are required in order for cancellation notices to comply with the provisions of both Section 313 of the Vehicle and Traffic Law and Section 167-a of the Insurance Law:

"Every notice of cancellation for nonpayment of premium for an automobile insurance policy must contain the following:

"1) The language required by Section 313 of the Vehicle and Traffic Law with respect to maintenance of financial security;

"2) *The date and hour of cancellation must be specified and be at least 15 days from the date of mailing,* which must also be specified; and

"3) A statement that the policy will terminate on the effective date of cancellation unless on or before such date the

---

2. This letter was not offered in evidence at Special Term and first appears in the appellant's brief. We nevertheless take judicial notice of it (see Richardson, Evidence [10th ed], § 10; see, also, CPLR 4511).

premium is paid to the insurer, or to an agent or broker authorized to receive such payment.

"It should also be noted that no insurer may mail or deliver what purports to be a 'notice of cancellation' for non-payment of premium until the due date for payment of such premium has passed.

"A copy of this Circular Letter should be distributed forthwith to appropriate personnel and receipt of this letter should be acknowledged in writing by a responsible officer of the company.

> "/s/ Benjamin R. Schenck
> "BENJAMIN R. SCHENCK
> "Superintendent of Insurance"
> (emphasis supplied).

### THE LAW

If the circular letter of the Superintendent of Insurance correctly stated the applicable law, the 14-day and one-minute notice of cancellation sent by Public Service to Mr. Johnson (being less than 15 days' notice) would not have effectively canceled the policy so that Mr. Johnson would still have been insured on the day of the accident, even though that occurred approximately two months after the mailing of the notice. Thus, the contention of the appellant, that arbitration should be stayed, would have to be upheld. We hold, however, that the circular letter did *not* correctly represent the existing state of the law, although it was certainly appropriate for the Superintendent of Insurance, in view of the 1974 amendment, to request that automobile insurers give 15 days' notice of cancellation.

It is true that the Superintendent of Insurance has power to prescribe regulations to effectuate the powers given to him by law (Insurance Law, § 21) and to interpret, clarify and implement legislative policy *(Breen v Cunard Lines S. S. Co.,* 33 NY2d 508; *Ostrer v Schenck,* 41 NY2d 782). However, as stated in *Ostrer (supra,* p 785), this is "[p]rovided that his regulations are not inconsistent with some specific statutory provision". Therefore, assuming that the superintendent's letter did indeed constitute an official regulation (although it is not contained in the official compilation of codes, rules and regulations [NYCRR]) his mandate that "[t]he date and hour of cancellation must be specified and be at least 15 days from the date of mailing" was contrary to the provision in subdivi-

sion 1 of section 313 of the Vehicle and Traffic Law that "ten days notice of cancellation by the insurer shall be sufficient".

■ We hold that the 10-day provision of subdivision 1 of section 313 of the Vehicle and Traffic Law was not repealed by implication by the later enactment of the 15-day provision of section 167-a (subd [1], par [d]) of the Insurance Law (although it would have indeed been wise for the Legislature to have simultaneously amended section 313 of the Vehicle and Traffic Law to provide for the same number of days' notice). Before there can be a repeal by implication, the conflict between the two statutes "must be plain and unavoidable"; "courts will strain to avoid a repeal by implication" and "both must stand * * * even though one is a later enactment" (McKinney's Cons Laws of NY, Book 1, Statutes, § 391; *Cimo v State of New York,* 306 NY 143).

Here, subdivision 1 of section 313 of the Vehicle and Traffic Law provides that "ten days notice of cancellation by the insurer shall be sufficient". That places the obligation on the insurer. On the other hand, the Insurance Law does not provide for the giving of any specific number of days' notice of cancellation, but grants the insured a grace period of 15 days after the notice of cancellation is sent to him, whenever that may be, within which to make payment of the past due premium.

Thus analyzed, both statutes remain in effect so that the notice of cancellation may provide for a 10-day period (Vehicle and Traffic Law, § 313, subd 1), but the insured will, nevertheless, have 15 days after the mailing to make the payment of the past due premium (Insurance Law, § 167-a, subd [1], par [d]; *Matter of Hartford Acc. & Ind. Co. v Krumbein,* 91 Misc 2d 112).

We, therefore, affirm the judgment of Special Term. We deem it necessary, however, to call the attention of the Legislature to the confusing near-divergence between the two applicable statutes, and suggest that subdivision 1 of section 313 of the Vehicle and Traffic Law be amended to provide for 15 days' notice of cancellation for nonpayment of premium. In such case the statutes would coincide as they did prior to 1974.

TITONE, J. P., SUOZZI and COHALAN, JJ., concur.

Judgment of the Supreme Court, Queens County, dated July

6, 1977, affirmed, with one bill of costs payable jointly to respondents.