OPINION OF THE COURT
Irving Smith, J.
Motion for summary judgment in plaintiffs’ favor is granted.
This is an action for declaratory and injunctive relief to obtain compliance by the defendant, Commissioner of the Department of Motor Vehicles, with the statutory requirement that space be provided directly on New York State drivers’ licenses for the donation of anatomical gifts. Plaintiffs include an organization of kidney disease patients and others interested in increasing the availability of kidneys for transplant as well as three individual members of that organiza *277 tian. These individuals constitute a transplant candidate, a transplant recipient likely to require a second transplant in the foreseeable future, and a kidney donor desirous of making her gift as effectively as possible.
The facts and circumstances controlling this controversy are undisputed. In 1975, the State Legislature amended the Vehicle and Traffic Law by enacting subdivision 1 of section 504 (eff Sept. 1, 1976). The statute mandates that: "Every license or renewal thereof issued on or after September first, nineteen hundred seventy-six shall contain a distinguishing number or mark and adequate space upon which an anatomical gift, pursuant to article forty-three of the public health law, by the licensee shall be recorded and shall contain such other information and shall be issued in such form as the commissioner shall determine.” To date, defendant’s only effort to comply with the statute has been the insertion on license forms issued subsequent to September 1, 1976, of a single letter sized box followed by the words, "See organ donor card”. This is a reference to a separate card which is completely detached from, and not in any way related to, the license. New York drivers’ license forms have never included a space upon which an anatomical gift could be executed, as specifically mandated by subdivision 1 of section 504 of the Vehicle and Traffic Law.
In opposition to this motion, defendant offers an array of public policy objections to the "mechanical and literal” enforcement of the statute. Defendant also maintains that the explicit language of subdivision 1 of section 504 and prevailing case law confers broad powers upon the Department of Motor Vehicles with respect to interpretation, clarification, and implementation of legislative policy as set forth in the statute.
While it is well settled that administrative officials possess substantial discrection in interpreting and implementing, a broad legislative mandate, this discretion is limited by the terms of the governing statute; officials will be upheld in their exercise of such discretion only if it is done in a way not inconsistent with the specific statutory provision involved. (Ostrer v Schenck, 41 NY2d 782; Matter of Nassau Ins. Co. [Epps — Public Serv. Mut. Ins. Co.], 63 AD2d 473.) In implementing the legislative policy of enabling New York State motorists to execute anatomical gifts, defendant has chosen a method which directly contravenes the explicit mandatory language of subdivision 1 of section 504 of the Vehicle and Traffic Law. An administrator’s discretion in implementing *278 legislative policy does not encompass the power to violate the statutory manifestation of that policy.
The court notes, further, that the various public policy objections cited by defendant are irrelevant to the determination of this motion. An examination of the Governor’s Bill Jacket for the statute in question (Assembly Bill, No. 2179; Senate Bill, No. 21006) reveals that these objections were adequately set forth in memoranda to the Governor’s counsel by both the Department of Motor Vehicles and the Bureau of the Budget, along with the explicit suggestion that anatomical gifts be executed on a separate card rather than on the license form itself. Accordingly, it is fair to assume that these reservations and alternatives were considered by the Legislature and rejected in favor of the method mandated by subdivision 1 of section 504 of the Vehicle and Traffic Law. Since the Legislature has spoken definitively on this question, it is not, in absence of a constitutional challenge, subject to judicial review. The court finds defendant’s objections on fiscal grounds especially frivolous, inasmuch as the Legislature has expressly sanctioned this statutory scheme.
Finally, the court finds that defendant’s statement of an intent to alter the present license form does not, in itself, render this application premature. Nowhere does the commissioner indicate that the new format will comply with the dictates of subdivision 1 of section 504 of the Vehicle and Traffic Law. Accordingly, a declaratory judgment is necessary to ensure such compliance.