ROBERT GANNON et al., Respondents-Appellants, v NEW YORK MUTUAL UNDERWRITERS, Appellant-Respondent.

Third Department, January 15, 1981

APPEARANCES OF COUNSEL

*J. Stanley Cohen* for respondents-appellants.

*Bouck, Holloway & Kiernan (Seale W. Tuttle* of counsel), for appellant-respondent.

OPINION OF THE COURT

KANE, J.

Plaintiffs purchased a policy of fire insurance from the defendant covering their dwelling in High Falls, Ulster County, New York. The contract ran for a period of three years, commencing September 5, 1977, and the premium was payable in annual installments of $245. Plaintiffs paid the first year's premium. In September of 1978 the agent servicing the policy mailed an invoice to the Gannon residence which included the amount then due for the second year's premium in the sum of $245. Subsequent monthly bills recited the unpaid fire insurance premium and noted a

credit accruing to plaintiffs in November of 1978 resulting from the cancellation of an unrelated policy of automobile liability insurance. With this credit, the net amount then due, and for which they were billed in succeeding months, was $134.64. However, no payment was made and there was no response to personal letters requesting such payment. Accordingly, on February 2, 1979, the agency requested that defendant cancel its policy. Notice of cancellation for nonpayment of premium was mailed by defendant on February 6, 1979 stating that the policy would be terminated at noon on February 21, 1979. Receipt of said notice has been admitted. Again no payment was made and defendant cancelled the policy on February 21, 1979. The house was destroyed by fire some four months later and a claim for loss under the policy was rejected on the ground the policy has been validly canceled.

In September of 1979 the instant action was commenced to recover compensatory damages under the terms of the policy, together with punitive damages. The complaint alleged, among other things, that defendant's purported cancellation of the policy was defective because the notice thereof failed to state the amount of premium then due. Both parties moved for summary judgment. Special Term concluded that the notice of cancellation did not comply with section 167-a of the Insurance Law and that coverage was in effect at the time of the loss. While it granted summary judgment to plaintiffs for compensatory damages, it partially granted defendant's cross motion for like relief and dismissed that portion of the complaint which sought punitive damages on the ground such damages were not available for breach of an insurance contract absent allegations of fraud affecting the general public. Since plaintiffs have abandoned their appeal from Special Term's order, we are solely concerned with the issue of proper cancellation.

The relevant statutory provisions for cancellation of an insurance policy for the nonpayment of premium are as follows:

"During the first sixty days a covered policy is in effect, no notice of cancellation shall be issued or be effective unless it states, or is accompanied by a statement of the specific

reason or reasons for such cancellation." (Insurance Law, § 167-a, subd [2].)

\* \* \*

"After a covered policy has been in effect for sixty days \* \* \* no notice of cancellation shall be issued to become effective \* \* \* unless it is based on one or more of the following: \* \* \* (i) nonpayment of premium" (Insurance Law, § 167-a, subd [3], par [b]).

\* \* \*

" 'Nonpayment of premium' means the failure of the named insured to discharge any obligation in connection with the payment of premiums on a policy of insurance or any installment of such premium, whether the premium is payable directly to the insurer or its agent, or indirectly under any premium finance plan or extension of credit. Payment to the insurer, or to an agent or broker authorized to receive such payment, shall be timely if made within fifteen days after the mailing to the insured of a notice of cancellation for nonpayment of premium." (Insurance Law, § 167-a, subd [1], par [d].)

There are no Insurance Department regulations specifying procedures for the cancellation of insurance policies, but there is a regulation authorizing the issuance of written opinions (11 NYCRR 2.5). Pursuant to a request on behalf of plaintiffs concerning the validity of defendant's notice of cancellation, a deputy superintendent and general counsel of the Insurance Department issued a written opinion that section 167-a (subd [1], par [d]) of the Insurance Law impliedly requires that a notice of cancellation for the nonpayment of premium must also contain a statement of the monetary amount of premium due.

While we recognize that the interpretation given a statute by the agency charged with its enforcement will be respected by the courts if not irrational or unreasonable *(Matter of Howard v Wyman*, 28 NY2d 434), when the question is purely one of statutory analysis dependent upon accurate determination of legislative intent, as here, the agency's construction merits far less weight *(Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459). We find nothing in the language of the statute itself, nor in the prior

legislative history of the enactment, which offers any support for the proposition that notices of cancellation must state the amount of premium due. The statute lists six reasons for cancellation, one of which is "nonpayment of premium" (Insurance Law, § 167-a, subd [3], par [b], cl [i]), and the notice herein fully complied with its provisions.

We also reject plaintiffs' additional contention that the notice did not accord them a full 15-day "grace period." Although a notice dated February 6, 1979 effecting cancellation at noon on February 21, 1979 covers a period of only 14 days and 12 hours, the related statute merely sets an outer limit for acceptable *payment* by providing it "shall be *timely* if made within fifteen days after the mailing to the insured of a notice of cancellation" (Insurance Law, § 167-a, subd [1], par [d]) (emphasis added). Any contrary interpretation would place this statutory feature in conflict with other provisions which allow less than 15 days' notice of *cancellation* (Insurance Law, § 168, subd 5 [lines 60-65]; Banking Law, § 576, subd 1, par [a]). Support for this result may be found in *Matter of Nassau Ins. Co. (Epps-Public Serv. Mut. Ins. Co.)* (63 AD2d 473, 476) and its logic is applicable to this strikingly similar factual pattern (cf. *Matter of Hartford Acc. & Ind. Co. v Krumbein*, 91 Misc 2d 112).

The order should be reversed, on the law, without costs; the cross motion by defendant should be granted, and the complaint dismissed.

MAHONEY, P. J., SWEENEY, MAIN and MIKOLL, JJ., concur.

Order reversed, on the law, without costs; cross motion by defendant granted, and complaint dismissed.