In the Matter of the Arbitration between ALLSTATE INSURANCE COMPANY, Appellant, and ALYCE PERRINE, as Administratrix of ANDREW J. PERRINE, Deceased, et al., Respondents. [752 NYS2d 494] —Appeal from an order of Supreme Court, Wayne County (Nesbitt, J.), entered May 1, 2002, which denied the motion of petitioner Allstate Insurance Company for summary judgment and granted respondent Colonial Insurance Company's cross motion for summary judgment dismissing the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the cross motion is denied.

Memorandum: Petitioner commenced this proceeding seeking a permanent stay of arbitration of a claim for uninsured motorist benefits arising from a motor vehicle accident on November 3, 1999. Supreme Court erred in denying petitioner's motion for summary judgment and in granting the cross motion of respondent Colonial Insurance Company (Colonial) for summary judgment dismissing the petition. We agree with petitioner that the notice of cancellation sent by Colonial to its insured on October 18, 1999 was a nullity. The notice advised that the policy would be cancelled effective November 1, 1999 at 12:01 A.M. for nonpayment of premiums. Vehicle and Traffic Law § 313 (1) (a) requires "a minimum of 15 days notice for cancellation of coverage" (*Matter of Integon Ins. Co. v Garcia*, 281 AD2d 480, 481). Because the policy was cancelled on 14 days notice only, "the notice of cancellation was void and of no effect" (*Matter of Nassau Ins. Co. [Epps—Public Serv. Mut. Ins. Co.]*, 63 AD2d 473, 475; *see also Barile v Kavanaugh*, 67 NY2d

392, 399). The court erred in determining that the notice of cancellation became effective on November 2, 1999 and thus was valid. Pursuant to Vehicle and Traffic Law § 313 (1) (a), the "[t]ime of the effective date and hour of termination stated in the notice [of cancellation] shall become the end of the policy period" (see also Johnson v General Mut. Ins. Co., 24 NY2d 42, 48; Union Sta. Rest. v North Am. Co. for Prop. & Cas. Ins., 59 AD2d 270, 275), and here the notice stated that the effective date was November 1, 1999. We therefore reverse the order, grant the motion and deny the cross motion. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.