■ In the Matter of GLOBAL LIBERTY INSURANCE OF NEW YORK, Appellant, v LUIS G. CEDILLO et al., Respondents. [45 NYS3d 164]—In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioner appeals from a judgment of the Supreme Court, Queens County (Raffaele, J.), dated October 15, 2015, which, after a framed-issue hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, and the petition to permanently stay arbitration is granted.

The petitioner commenced this proceeding to permanently stay arbitration of an uninsured motorist claim brought by its insured, the respondent Luis G. Cedillo, arising from a motor vehicle accident on November 24, 2008, which involved a vehicle owned by the respondent Toumani Sidibe. At a framed-issue hearing, the evidence showed that the respondent National Continental Insurance Co. (hereinafter National) had

issued a policy to Sidibe effective October 23, 2008, through October 23, 2009, but that on November 5, 2008, at "6:00," it mailed to Sidibe a notice of cancellation for nonpayment of the premium, which advised that the subject policy would be cancelled effective November 20, 2008, at 12:01 a.m. The Supreme Court found that the cancellation of the policy was valid based upon the 15-day notice and, therefore, denied the petition and dismissed the proceeding.

Under the terms of the subject policy, and pursuant to Vehicle and Traffic Law § 313 (1) (a), National was required to give a minimum of 15 days' notice for cancellation of coverage for nonpayment. "[I]n the absence of an express agreement to do so, the law does not recognize fractions of a day" (*Savino v Merchants Mut. Ins. Co.*, 44 NY2d 625, 628 [1978]). Thus, the 15 days specified in the Vehicle and Traffic Law " 'means 15 times 24 hours' " (*Matter of Nassau Ins. Co. [Epps—Public Serv. Mut. Ins. Co.]*, 63 AD2d 473, 475 [1978], quoting *Nassau Ins. Co. v Lion Ins. Co.*, 89 Misc 2d 982, 986 [Sup Ct, Queens County 1977]; *see Matter of Allstate Ins. Co. [Perrine]*, 300 AD2d 1065 [2002]). Here, because National failed to give the full 15 days' notice, its notice of cancellation was invalid. The contentions raised in National's brief are without merit. Accordingly, the Supreme Court should have granted the petition to permanently stay arbitration (*cf. Matter of Transcontinental Ins. Co. v Gibbs*, 34 AD3d 488 [2006]). Dillon, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.