Oliver D. Williams, J.
This is a motion by defendant for an order pursuant to CPLR 603 severing the causes of action asserted in behalf of plaintiffs Francine Birnbaum and Sol K. Birnbaum on the ground that no triable issue esists between said plaintiffs and defendant.
The defendant insurance carrier has disclaimed coverage under a liability insurance policy as to plaintiff Michael Watman. He is the codefendant with his grandfather Philip Salta, the named insured, in a negligence action brought against them by the plaintiffs Birnbaum.
The policy is a comprehensive personal liability policy insuring the named insured, his spouse, relatives of either residing in his household and any other person under the age of 21 in the care of the insured. It is alleged in the complaint that Michael Watman is a grandson of the named insured, a resident of his household and under the age of 21.
The defendant contends that since there is no privity of contract between it and the plaintiffs Birnbaum, the causes of action asserted on their behalf should be dismissed and severed from the above-entitled action. This contention is without merit. The Legislature gave an independent right to injured persons to proceed directly against the liability insurer when it enacted section 109 of the Insurance Law, forerunner of present section 167 (Lauritano v. American Fire Ins. Co., 3 A D 2d 564, 567). The disclaimer by defendant created a genuine controversy wherein a declaratory judgment to establish defendant’s liability prior to trial of the tort action is proper. (De Abreu v. Lumbermans Mut. Gas. Co., 32 Misc 2d 634; Shukry v. Jolmsson, 17 A D 2d 835.) Accordingly, defendant’s motion is denied.