■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT HARRIS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 30, 1965, convicting him of attempted violation of section 1897 of the Penal Law as a felony (possession of a dangerous weapon), upon a plea of guilty, and sentencing him to Elmira Reception Center. Judgment affirmed. In our opinion, the sentence was not excessive under the circumstances presented. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ SOUTH BAY CENTER, INC., Appellant, v. YORK ASSOCIATES, INC., Respondent.— In an action to declare the validity of a lease and for other relief, in which defendant interposed a counterclaim to declare the lease terminated, plaintiff appeals from an order of the Supreme Court, Nassau County, entered October 6, 1965, which denied its motion for findings *inter alia* that plaintiff and its president were not in contempt of court for failure to comply with the terms of a judgment in defendant's favor and a subsequent contempt order of said court entered September 14, 1964 and April 6, 1965, respectively. Order affirmed, without costs. No opinion. (The judgment was affirmed [*South Bay Center* v. *York Assoc.,* 22 A D 2d 1016, mot. for lv. to app. den. 15 N Y 2d 488]; see, also, *South Bay Center* v. *York Assoc.,* 25 A D 2d 759.) Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ WILFRED TURNQUEST et al., Respondents, v. WILLIAM SMALLS, Defendant; EMPIRE MUTUAL INSURANCE COMPANY, Appellant, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In an action for a declaratory judgment, defendant Empire Mutual Insurance Company appeals from a judgment of the Supreme Court, Queens County, entered July 20, 1965, after a nonjury trial, which *inter alia* adjudged and declared (1) the invalidity of appellant's disclaimer of liability upon an automoble liability insurance policy it had issued to defendant Smalls and (2) that appellant is required to defend defendant Smalls against plaintiffs' claims. Judgment affirmed, with one bill of costs payable to respondents jointly. We agree with the determination of the trial court that plaintiffs gave notice of the accident to appellant as soon as it was reasonably possible to do so (cf. *Lauritano* v. *American Fid. Fire Ins. Co.,* 3 A D 2d 564, affd. 4 N Y 2d 1028). We are also of the opinion that, in any event, appellant waived the claim of untimely notice by reason of its failure to disclaim liability until July or August, 1964, although it had actual notice of plaintiffs' claim since at least December 5, 1963 (*Cohen* v. *Atlantic Nat. Ins. Co.,* 24 A D 2d 896). We are further of the opinion that an action for a declaratory judgment is an appropriate remedy to determine the controversy between the parties (*Shukry* v. *Johnsson,* 17 A D 2d 835). In any event, it is our view that by participating in the action in the trial court and in joining in the submission on an agreed statement of facts, all without objection, appellant waived its right to question on appeal the appropriateness of that remedy (cf . *Sanderson* v. *Newark Ins. Co.,* 20 A D 2d 961). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.