CAROLYN WILKERSON, Appellant, v FRITZ APOLLON, Defendant, and LION INSURANCE COMPANY et al., Respondents.

First Department, June 16, 1981

### APPEARANCES OF COUNSEL

*Paul Greenfield* of counsel *(Gottlieb, Feldman, Greenfield & Bergman,* attorneys), for appellant.

*Edgar L. Sheller* of counsel *(Sheller & Sheller,* attorneys), for Motor Vehicle Accident Indemnification Corporation, respondent.

*Henry Cernitz* of counsel *(Melvin Pasternack,* attorney), for the Lion Insurance Company, respondent.

### OPINION OF THE COURT

MURPHY, P. J.

On March 29, 1975, plaintiff Wilkerson was struck by a vehicle owned by Fritz Apollon. The operator of the vehicle fled and was never identified. Wilkerson brought suit against Apollon. However, Lion Insurance Company re-

fused to defend Apollon because his policy had allegedly been canceled effective as of February 24, 1975. Eventually, Wilkerson brought this action for judgment declaring that Lion's cancellation was invalid.

The sole issue presented at trial was whether Lion's cancellation was effective. Lion submitted in evidence a copy of a notice of cancellation (Exhibit C) that was purportedly mailed to Apollon on January 30, 1975. Wilkerson placed in evidence a copy of a notice of cancellation (Exhibit 2) that the insurer had purportedly filed "with Albany". It should be stressed that the original notice of cancellation could not be located during the trial.

Exhibit C contained the following statement in capital lettering: "RE: AUTOMOBILE LIABILITY INSURANCE. SEE REVERSE SIDE FOR STATEMENT OF NEW YORK LAW." Exhibit 2 contained the same statement in smaller type.

No proof was submitted by the parties as to the size of the type in either exhibit. Wilkerson's attorney merely called the court's attention to the case of *Nassau Ins. Co. v Lion Ins. Co.* (89 Misc 2d 982). In that case, the trial court had found that the type on the front and back of the cancellation was less than 12 point. Therefore, the cancellation was ruled invalid since Lion had not complied with the provisions of section 313 (subd 1, par [a]) of the Vehicle and Traffic Law. Wilkerson's attorney made no attempt to show that either exhibit in this proceeding was the same as the one in the *Nassau Insurance* case.

The trial court found that Wilkerson had not carried her burden of proof. It noted, *inter alia,* that plaintiff had not introduced expert testimony as to the size of the type in either exhibit. Moreover, the court found that plaintiff did not "establish by any proof that the notice of cancellation at issue in *Nassau Insurance* was identical with the one at issue herein." Therefore, the trial court refused to invoke the theory of collateral estoppel in favor of the plaintiff. The cancellation by Lion was found to be valid.

The focal point of discussion upon this appeal is section 313 (subd 1, par [a]; subd 2) of the Vehicle and Traffic Law. To the extent here relevant, those sections provide:

"1. (a) * * * Every such notice of termination for any such cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective * * *

"2. Upon the termination of insurance by cancellation or failure to renew, notice of such cancellation or other termination shall be filed by the insurer with the commissioner not later than thirty days following the effective date of such cancellation or other termination."

In paragraph EIGHTH of the complaint, Wilkerson stated "That LION INSURANCE COMPANY has denied such obligation and has refused to defend, claiming prior cancellation of its policy." In its answer, Lion failed to deny the allegations in paragraph EIGHTH, and thus, admitted them (CPLR 3018, subd [a]).

The principal question presented is whether plaintiff Wilkerson had the burden of proving that the nature of cancellation did not comply with the requirements of section 313 (subd 1, par [a]) of the Vehicle and Traffic Law. Generally, an insurer must prove that cancellation was effective. (De Persia v Merchants Mut. Cas. Co., 268 App Div 176, 177, 178, affd 294 NY 708; Viuker v Allstate Ins. Co., 70 AD2d 295, 299.) In this declaratory judgment action, Lion's admission to paragraph EIGHTH of the complaint placed in issue whether the cancellation was valid. (Cf. Green Bus Lines v Consolidated Mut. Ins. Co., 74 AD2d 136, 143.) Thus, it was unnecessary for Lion to plead an affirmative defense based upon cancellation. Nevertheless, with the pleadings in this posture, Lion still retained the burden of proving proper cancellation in accordance with section 313 (subd 1, par [a]) of the Vehicle and Traffic Law.

At trial, Wilkerson's prima facie case was established by

the proof showing that a valid policy had, at one time, covered Apollon. Undoubtedly, Wilkerson's attorney could have made a more straightforward argument addressed to the size of the type in both exhibits. Nonetheless, his reference to the *Nassau Insurance* case was sufficient to challenge the size of that type. It is possible that Lion's attorney was confused by the rather oblique reference to the *Nassau Insurance* case, and, therefore, did not recognize Lion's burden of going forward with proof on this point.

For that reason, a new trial must be held in this matter. Lion, of course, must demonstrate at that new trial that both the legend on the front of the notice and the financial security statement on the back thereof were in 12-point type. *(Nassau Ins. Co. v Lion Ins. Co., supra,* at p 984.) Assuming for the moment that Exhibit 2 does not comply with the type requirements of section 313 (subd 1, par [a]) of the Vehicle and Traffic Law, Lion must adduce evidence showing that Apollon received Exhibit C rather than Exhibit 2.

Accordingly, the judgment of the Supreme Court, New York County (WOLIN, J.), entered March 13, 1980, which, *inter alia,* declared that Lion Insurance Company validly canceled the policy covering Fritz Apollon, should be reversed, on the law, and the case is remanded for a new trial, with costs to abide the event.

BIRNS, SANDLER, BLOOM and FEIN, JJ., concur.

Judgment, Supreme Court, New York County, entered on March 13, 1980, reversed, on the law, and the case remanded for a new trial, with costs to abide the event.