■ ANGELICA OJEDA, Appellant, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, Respondent. — Order of the Supreme Court, New York County (Cahn, J.) entered March 11, 1981, granting plaintiff's motion to the extent that it sought to confirm the report of the special referee and denying it to the extent that it sought summary judgment and granting summary judgment to defendant declaring that the automobile liability policy carried by one Eng Sun Chao with defendant was properly terminated and that defendant is not obligated to defend the action brought by plaintiff against Chao, reversed, on the law, to the extent appealed from, with costs, and plaintiff's motion for summary judgment declaring that said automobile liability policy issued to Chao was not terminated and that defendant is under an obligation to appear and defend on behalf of Chao and to pay any judgment recovered against Chao by plaintiff up to the limits of the policy, is granted. Appeal from order entered August 17, 1981, denying motion for leave to reargue dismissed

as nonappealable, without costs. Plaintiff brought suit against one Eng Sun Chao to recover for injuries suffered on March 3, 1979 as the result of being struck by a vehicle owned by Chao. Prior thereto Chao had been insured by defendant. After plaintiff's action against Chao had been commenced she learned that defendant had disclaimed liability under the policy, asserting that it had canceled the policy effective February 1, 1979 because of nonpayment of premium. Plaintiff then commenced this action for a declaratory judgment asserting that the notice of termination was inadequate to furnish a basis for the disclaimer. Plaintiff moved for summary judgment contending that the typeface of the notice mandated to be included on every cancellation notice of an automobile liability policy that financial security is required to be maintained throughout the registration period was not in conformity with the law. Special Term referred the matter to a referee who conducted a hearing thereon. He reported that the notice that financial security was required to be maintained during the entire period of registration, which was printed on the reverse side of the cancellation notice, was in 12-point type; and that the words "NOTICE OF CANCELLATION" and the legend "SEE IMPORTANT NOTICE ON BACK" were printed in eight-point and six-point type, respectively. Plaintiff then moved to confirm the referee's report and for summary judgment. Special Term granted the motion so far as it sought confirmation of the referee's report. However, it granted summary judgment to defendant and declared in its favor. Section 313 (subd 1, par [a]) of the Vehicle and Traffic Law, so far as here pertinent provides: "Every such notice of termination for any such cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point, a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective". In *Wilkerson v Apollon* (81 AD2d 141) we were confronted with a notice of cancellation which contained the financial security statement on the reverse side and a legend on the front directing the attention of the policy holder to the reverse side for a statement of New York law. We there noted that the insurer was required to "demonstrate * * * that both the legend on the front of the notice and the financial security statement on the back thereof were in 12-point type" (p 144; see, also, *Nassau Ins. Co. v Lion Ins. Co.*, 89 Misc 2d 982). It is undisputed that the legend on the front of the cancellation notice was in six-point type. Hence, it did not meet the requirements of the statute. Concur — Murphy, P. J., Kupferman and Bloom, JJ.

Sandler and Markewich, JJ., concur in a memorandum by Markewich, J., as follows: I concur in the result solely on constraint of *Wilkerson v Apollon* (81 AD2d 141), in which this court, without any statutory basis, adopted the reasoning of *Nassau Ins. Co. v Leon Ins. Co.* (89 Misc 2d 982), to require a "see reverse side" notice to be in the same size type as the notice required by section 313 of the Vehicle and Traffic Law, concerning financial responsibility.