■ In the Matter of MIDWEST MUTUAL INSURANCE COMPANY, Respondent. FREDERICK W. SINNOTT, SR., as Administrator of the Estate of FREDERICK W. SINNOTT, JR., Deceased, Respondent; STATE FARM MUTUAL INSURANCE COMPANY, Appellant. — In a proceeding by Midwest Mutual Insurance Company to stay arbitration demanded under the terms of the uninsured motorist indorsement of the insurance policy it issued to the claimant's decedent, State Farm Mutual Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered September 24, 1982, which, after a hearing, permanently stayed arbitration, upon a finding that the policy issued by State Farm had not been canceled. Judgment reversed, on the law, with costs, and proceeding dismissed. Petitioner is directed to proceed to arbitration. Former subdivision 1 of section 313 of the Vehicle and Traffic Law provided, in part, that "[e]very * * * notice of termination for any * * * cause whatsoever sent to the insured shall include in type of which the face shall not be smaller than twelve point a statement that proof of financial security is required to be maintained continuously throughout the registration period and that failure to maintain such proof of financial security requires revocation of the registration of the motor vehicle, unless the registration certificate and number plates of such vehicle have been surrendered to the commissioner prior to the time at which the termination becomes effective" (L 1980, ch 379, § 1). The placement of this financial responsibility notice on the reverse side, rather than the face of appellant State Farm Mutual Insurance Company's notice of cancellation was in compliance with former subdivision 1 of section 313 of the Vehicle and Traffic Law, since a direction on the front to "SEE IMPORTANT NOTICE ON REVERSE SIDE" was printed in the same size type, 12 point, as the financial responsibility notice (see *Matter of Allstate Ins. Co. v Pigford,* 88 AD2d 810; *Wilkerson v Apollon,* 81 AD2d 141). Nor does the absence of a statement advising the insured that "the policy will terminate on the effective date of cancellation unless on or before such date the premium is paid to the insurer, or to an agent or broker authorized to receive such payment", in compliance with "Circular Letter No. 2" issued by the Superintendent of Insurance Benjamin R. Schenck on November 7, 1974, render State Farm's notice of cancellation invalid. Although section 167-a (subd [1], par [d]) of the Insurance Law provides, in part, that "[p]ayment to the insurer, or to an agent or broker authorized to receive such payment, shall be timely if made within fifteen days after the mailing to the insured of a notice of cancellation for nonpayment of premium", no statutory provision requires the insurer to notify the insured of this 15-day grace period. Moreover, the attempt by the Superintendent of Insurance to impose such a requirement via circular letter No. 2 is not binding on appellant. We are cognizant that the Superintendent of Insurance has power to prescribe regulations to effectuate the powers given to him by law (Insurance Law, § 21) and to interpret, clarify and implement legislative policy provided that his regulations are not inconsistent with some specific statutory provision (*Matter of Nassau Ins. Co. [Epps — Public Serv.*

*Mut. Ins. Co.]*, 63 AD2d 473, 478). Nevertheless, we conclude that the superintendent's letter did not constitute an official regulation because it apparently was never filed in the office of the Department of State, in violation of section 8 of article IV of the New York State Constitution and is not contained in the Official Compilation of Codes, Rules and Regulations of the State of New York (NYCRR) (see Executive Law, §§ 102-106). Since no statutory provision, rule or regulation mandates that the insurer insert a statement in the notice of cancellation, informing the insured of the 15-day grace period provided by section 167-a of the Insurance Law, the absence of such a statement in appellant's notice of cancellation did not render it invalid. Consequently, there being no effective coverage involving State Farm, the proceeding by petitioner, Midwest Mutual Insurance Company, to stay arbitration as to it should have been dismissed. Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.