OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the defendants, Republic Financial Services, Inc., Republic Insurance Company, Republic-Vanguard Life Insurance Company, Vanguard Insurance Company, Blue Ridge Insurance Company, Vanguard Underwriters Insurance Company and Republic Underwriters Insurance Company, for an order dismissing the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action is granted to the extent that the complaint pleads causes of action to recover money damages. To the extent that the complaint seeks a judgment declaring the rights and obligations of the parties with respect to the duty of the defendant insurers to defend one Anthony H. Dawson in connection with the plaintiff, Barbara New *781 som’s, action for personal injuries against the said Anthony H. Dawson, the motion to dismiss the complaint is denied. It is further ordered that this matter is stayed from proceeding any further until the said Anthony H. Dawson and one Pauline Gilbert have been joined as parties to this action. It is further ordered that this cross motion by the plaintiff, Deborah Newsom, for summary judgment is denied.
This is an action commenced by the plaintiff, Deborah Newsom, against several insurers, who have refused to defend and indemnify one Anthony H. Dawson who, the plaintiff, Deborah Newsom, asserts negligently caused her to sustain personal injuries when he threw a firecracker in the vicinity of the plaintiff, Deborah Newsom. It is asserted by the plaintiff, Deborah Newsom, that Anthony H. Dawson was a member of the household of one Pauline Gilbert to whom the defendant insurers had issued a policy of insurance. The defendant insurers disclaimed liability asserting that the said Anthony H. Dawson was not a member of the household.
In the current action the plaintiff, Deborah Newsom, seeks a judgment declaring that the defendant insurers are obligated to defend and indemnify the said Anthony H. Dawson, and for monetary damages based upon an alleged breach of the insurance contract, professional malfeasance and malpractice and for punitive damages.
The defendant insurers have moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The plaintiff, Deborah Newsom, has opposed the motion to dismiss and cross-moved for summary judgment.
To the extent that the plaintiff, Deborah Newsom, has sought a judgment declaring the rights and obligations of the parties, the court concludes that the complaint states a cause of action and should not be dismissed. (Turnquest v Smalls, 26 AD2d 841; Shukry v Johnsson, 17 AD2d 835; Birnbaum v New Amsterdam Cas. Co., 54 Misc 2d 72; Curreri v Allstate Ins. Co., 37 Misc 2d 557; Antushkiw v Peterson, 37 Misc 2d 311; De Abreu v Lumbermans Mut. Cas. Co., 32 Misc 2d 634; see also, Ojeda v General Acc. Fire & Life Assur. Corp., 88 AD2d 798; Wilkerson v Apollon, 81 AD2d 141.)
The court notes, however, that neither Pauline Gilbert, to whom the insurance policy in controversy was issued, nor Anthony H. Dawson, the individual whose negligence purportedly caused the personal injury suffered by the plaintiff, Deborah Newsom, have been joined as parties to this action. *782 Since the rights to be declared will necessarily affect the said Pauline Gilbert and Anthony H. Dawson and presume to bind them, they are necessary parties to this proceeding. (Cf. Dor Motors v Graphic Arts Mut. Ins. Co., 97 AD2d 455.) To the extent that a different conclusion is suggested in De Abreu v Lumbermans Mut. Ins. Co. (supra), this court cannot agree with the conclusion therein. Accordingly, this action shall be stayed from proceeding any further until the said Pauline Gilbert and Anthony H. Dawson have been joined as parties herein. (See, CPLR 1001 [b].) The nonjoinder of parties is an issue which the court may raise sua sponte. (2 Weinstein-Korn-Miller, NY Civ Prac ¶ 1001.03.)
To the extent that the plaintiff, Deborah Newsom’s, complaint purports to state causes of action for money damages based upon a violation of 11 NYCRR 216.3 and for malfeasance and malpractice the court concludes that the motion to dismiss the complaint for failure to state a cause of action must be granted.
Section 216.3 of the Insurance Regulations (11 NYCRR) provides, in part, as follows: “Misrepresentation of policy provisions, (a) No insurer shall knowingly misrepresent to a claimant the terms, benefits or advantages of the insurance policy pertinent to the claim.”
That the plaintiff, Deborah Newsom, is a claimant within the definition of 11 NYCRR 216.1 (b) does not seem to be subject to serious dispute. The issue which has arisen is whether the regulations give rise to the implied private cause of action which the plaintiff, Barbara Newsom, seeks to assert. The court is constrained to conclude that they do not.
First, the Regulations of the State Superintendent of Insurance do not create an implied cause of action which does not exist under the statute. Insurance Law § 2601 (a) concerns improper business practices by insurers. That section provides, in part:
"Unfair claim settlement practices; penalties
"(a) No insurer doing business in this state shall engage in unfair claim settlement practices. Any of the following acts by an insurer, if committed without just cause and performed with such frequency as to indicate a general business practice, shall constitute unfair claim settlement practices:
"(1) knowingly misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue”.
The Appellate Division, First Department, has indicated *783 that the forerunner to Insurance Law § 2601 (a) (Insurance Law former § 40-d) "does not create a private right of action but rather affords a public right of redress by the Insurance Department for violations * * * after a hearing and determination.” (Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71, 78-79; accord, Royal Globe Ins. Co. v Chock Full O’Nuts Corp., 86 AD2d 315, 316, Iv dismissed 58 NY2d 605.) The statutory right to a hearing and the provisions for penalties continue in the current Insurance Law (§2601 [b], [c]). The Court of Appeals has stated that even if it is assumed that a private cause of action may be implied from section 2601 (referring to former § 40-d), one instance of a violation does not establish a general business practice within the meaning of the statute (Halpin v Prudential Ins. Co., 48 NY2d 906, 908, rearg denied 49 NY2d 801; accord, Hubbell v Trans World Life Ins. Co., 50 NY2d 899), and thus does not establish a violation of the statute.
Insurance Law § 301 empowers the State Superintendent of Insurance to prescribe regulations "not inconsistent” with the Insurance Law. Since the plaintiff, Deborah Newsom, may not maintain a cause of action pursuant to the statute, it is clear, therefore, that she may not maintain a cause of action pursuant to the regulations.
Moreover, the preamble to part 216 of the Insurance Regulations reflects that section 216.3 was written with the full understanding of the import of section 2601 of the Insurance Law. The preamble states, in part: "(a) Section 2601 of the Insurance Law prohibits insurers doing business in this State from engaging in unfair claims settlement practices and provides that, if any insurer performs any of the acts or practices proscribed by that section without just cause and with such frequency as to indicate a general business practice, then those acts shall constitute unfair claims settlement practices.” (11 NYCRR 216.0.)
Thus, consistent with the statute, section 216.3 of the regulations specifies activities which are to be deemed unfair claims settlement practices. Nothing in the regulations suggests that any more should be read into the regulations which would give rise to an implied private cause of action.
Neither can an action be maintained upon a theory of malfeasance or malpractice. Whatever wrong may have been done to the plaintiff, Barbara Newsom, by the defendant insurers, such wrong does not constitute malpractice in the *784 circumstances alleged. The meaning of "malpractice” was discussed by the Appellate Division, Second Department, in Cubito v Kreisberg (69 AD2d 738, 742, affd on opn of App Div 51 NY2d 900). That case involved an action by a plaintiff against the architects of a building in which the plaintiff was injured as a consequence of water collecting in the building’s laundry room. Discussing whether the plaintiff could maintain an action for malpractice against the architects the court said (p 742): "malpractice, in its strict sense, means the negligence of a member of a profession in his relations with his client or patient. In this case the plaintiff is not, and never has been, in a professional relation with the architect. Though at times the term has been employed in a broad sense, particularly where disciplinary proceedings have been the subject of discussion (Matter of Clark, 184 NY 222; Matter of Salkman, 88 App Div 102, 104), we think that malpractice in the statutory sense[*] describes the negligence of a professional toward the person for whom he rendered a service, and that an action for malpractice springs from the correlative rights and duties assumed by the parties through the relationship. On the other hand, the wrongful conduct of the professional in rendering services to his client resulting in injury to a party outside the relationship is simple negligence.”
The defendant insurers are not professionals who have rendered a service to the plaintiff, Barbara Newsom, nor have they been in a professional relationship with her. Thus, basic, essential elements of a malpractice cause of action do not exist in this instance.
The cause of action sounding in malfeasance or malpractice cannot be permitted to stand for the additional reason that to allow this cause of action would be to evade or circumvent the conclusion that an action of this nature has been disallowed under the terms of the Insurance Law, as discussed above. (Cf. Murphy v American Home Prods. Corp., 58 NY2d 293 [since the Court of Appeals ruled that no cause of action could be maintained for abusive or wrongful discharge it also concluded that its ruling could not be evaded or circumscribed by causes of action pleaded for intentional infliction of emotional distress (58 NY2d, at p 303) or prima facie tort (58 NY2d, at p 304)].)
In addition, the claim for punitive damages must fail. Even *785 if the underlying causes of action for money damages had not been dismissed, the allegations of the complaint do not assert such morally culpable conduct and wanton dishonesty as to imply a criminal indifference to civil obligations as would support a claim for punitive damages. (E.g., Royal Globe Ins. Co. v Chock Full O’Nuts Corp., supra.) It may also be noted that the Appellate Division, First Department, has concluded that since there is a statutory remedy for unfair claim settlement practices, the need for punitive damages in insurance cases has been obviated. (Cohen v New York Prop. Ins. Underwriting Assn., 65 AD2d 71, 79, supra.)
Nor can the plaintiff, Barbara Newsom, predicate an action for damages for breach of contract based upon the theory that she is the third-party beneficiary of the insurance contract. This was the very reason for enactment of Insurance Law § 3420 (former § 167) permitting an injured party to proceed directly against the insurer, after a judgment had been obtained but not paid. (E.g., McNamara v Allstate Ins. Co., 3 AD2d 295.)
Finally, the plaintiff, Barbara Newsom’s, cross motion for summary judgment must be denied as premature since issue has not yet been joined. (E.g., Alro Bldrs. & Contrs. v Chicken Koop, 78 AD2d 512.)

 CPLR 214 (5), concerning the Statute of Limitations, was the statute under consideration.