**VILLAGE OF KIRYAS JOEL LOCAL DEVELOPMENT CORPORATION, Plaintiff–Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant–Appellee.**

No. 1363, Docket 92–9349.

United States Court of Appeals, Second Circuit.

Argued April 23, 1993.

Decided June 21, 1993.

Dennis T. D'Antonio, New York City (Debra Ruth Wolin, Weg & Myers, P.C., of counsel), for plaintiff-appellant.

Zachary Robb Greenhill, New York City (Ira J. Greenhill, New York City, of counsel), for defendant-appellee.

Before: PRATT and JACOBS, Circuit Judges, and KNAPP, District Judge.*

JACOBS, Circuit Judge:

Plaintiff-appellant Village of Kiryas Joel Local Development Corporation ("Kiryas Joel") brought this action to recover money it claims is due under the terms of a builders risk insurance policy purchased from defendant-appellee Insurance Company of North America ("INA"). The covered premises, a partially built medical facility, was destroyed by fire. INA contends that it had cancelled the policy before the fire and that, in any event, Kiryas Joel had committed arson. INA moved for summary judgment on its cancellation defense and Kiryas Joel cross-moved to strike INA's arson defense. The United States District Court for the Southern District of New York (Keenan, J.) granted INA's motion for summary judgment and

* Honorable Whitman Knapp, Senior United States District Judge for the Southern District of New

this appeal followed. We reverse and remand for further proceedings.

## FACTS

Kiryas Joel is a not-for-profit development corporation that was engaged in the construction of a medical building in the Village of Kiryas Joel, a community composed of members of the Satmar sect of Hasidic Jews. Kiryas Joel used an insurance broker to procure a builders risk coverage for the project. On May 22, 1989 INA issued to Kiryas Joel builders risk policy number 104702694. The policy contained the following cancellation provision:

> We may cancel this insurance by sending you notice.... We may mail or deliver the notice of cancellation. If mailed, proof of mailing will be sufficient proof of notice. In either case, we will send the notice to your last mailing address known by us....
>
> \* \* \* \* \* \*
>
> If this insurance is cancelled, you may be entitled to a premium refund. If so, we will send you the refund. If we cancel, the refund will be pro rata.... The cancellation will be effective even if we have not made or offered a refund.

The project was destroyed by fire on April 21, 1990. On July 27, 1990, Kiryas Joel commenced this suit seeking to recover under the policy. INA moved for summary judgment on the ground that the policy had been cancelled. In its motion, INA undertook to show that INA sent a timely 30–day notice of cancellation, and that the policy was therefore cancelled as of March 19, 1990, a month before the loss. In opposition, Kiryas Joel contended: that INA's notice of cancellation was invalid because it did not comply with .N.Y.Ins.Law § 3426, which allows an insurance company to cancel a property policy only under certain enumerated circumstances, and which requires that the notice recite which of the enumerated circumstances is the ground for cancellation (*see* N.Y.Ins Law. § 3426 (McKinney 1985 and Supp.1993)); and that INA failed to show

York, sitting by designation.

that the notice was actually sent. INA countered that a builders risk policy was an inland marine insurance policy as defined by N.Y.Ins.Law § 1113(a)(20) (McKinney 1985 and Supp.1993), rather than a property policy subject to N.Y.Ins.Law § 3426, and that, at the time the policy was written, inland marine policies were exempt from the requirements of § 3426.

The district court granted INA's motion for summary judgment, finding that INA had adequately shown that it mailed the notice of cancellation and that the policy was an inland marine policy. On appeal, Kiryas Joel challenges the district court's decision in both respects. Because the policy at issue was not an inland marine policy, we reverse.

## DISCUSSION

An order granting summary judgment is subject to review *de novo.* Summary judgment is appropriate only if there is no genuine issue as to any material fact. *See* Fed. R.Civ.P. 56. Our role is not to weigh the evidence or make determinations of credibility but to "determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In making such a determination, we resolve "ambiguities and [draw] reasonable inferences against the moving party." *Knight v. United States Fire Insurance Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

### Inland Marine Insurance

Kiryas Joel contends that INA's notice of cancellation was invalid because it failed to comply with the applicable provisions of the New York Insurance Law. Under N.Y.Ins. Law § 3426(c)(1), there are only eight grounds for canceling most insurance policies, including those relating to real property. The notice of cancellation at issue in this case did not specifically invoke any of these grounds. The cancellation form printed the eight grounds with a check-off box for each; on the form sent to Kiryas Joel, INA checked only the box for "Other," and wrote in that the policy would be cancelled as of March 19, 1990 on the ground that the "class of business falls outside the company's guidelines."[1] The district court concluded that the INA builders risk policy issued to Kiryas Joel is an inland marine policy, rather than a property policy, and because, on the date of policy issuance, § 3426(i) exempted inland marine insurance from the requirements of § 3426(c)(1).

◾ Kiryas Joel argues that a builders risk policy cannot be inland marine insurance because inland marine policies can be written only for movable things such as railway cars and cargoes, not construction projects. In fact, inland marine insurance has evolved to cover virtually all kinds of things that move or are in transport. *See generally* Roderick McNamara, Robert A. Laurence & Glenn L. Wood, *Inland Marine Insurance* (1987). Builders risk covers a project in construction, before it becomes insurable as a building, while its materials and components are being moved on-site, assembled, and put in place. In that sense, a building site becomes a terminus for cargo, and can be insurable as inland marine, as many states and insurance commissioners allow.

As to the status of builders risk policies under New York law, Kiryas Joel and INA both invoke the provision in the Insurance Law that defines inland marine insurance, though each relies on different phrases and argues for an opposite conclusion. New York Ins.Law § 1113(a)(20) states:

> "Marine and inland marine insurance," means insurance against any and all kinds of loss of or damage to:
>
> (A) Vessels, hulls craft, aircraft, cars, automobiles, trailers and vehicles of ev-

---

1. We assume, without deciding, that the notice did not adequately invoke any of the eight grounds for cancellation identified in the statute. INA might argue that its notice in fact substantially complied with § 3426(c)(1)(E) ("material change in the nature of the risk") and that such compliance is sufficient under New York law. We need not reach any of these questions; they are not presented on this appeal and there are disputed facts concerning such a claim. According to INA's internal records, its inspector concluded that the construction site had been abandoned and that the site had become a garbage dump; Kiryas Joel insists that construction, though interrupted, was never abandoned.

ery kind, and all goods, freights, cargoes, merchandise, effects, disbursements, profits, moneys, bullion, precious stones, securities, choses in action, evidences of debt, valuable paper, bottomry and respondentia interests and all other kinds of property and interests therein, in respect to, appertaining to or in connection with any and all risk or perils of navigation, transit, or transportation, including war risks, on or under any seas or other waters, on land or in air, or while being assembled, packed, crated, compressed or similarly prepared for shipment while awaiting the same or during any delays, storage, transshipment or reshipment incident thereto, *including marine builders risks* and all personal property floater risks.

(Emphasis added.) INA urges that the builders risk policy at issue is inland marine under that definition because it insures against "loss or damage to" a "kind[ ] of property", in respect of "all risks" while the property (*i.e.*, the medical facility) is "being assembled" or "while awaiting the same." The "risk" referenced in the statute ("any and all risk or perils of navigation, transit or transportation") could be construed as applicable to building materials being moved onto the construction site and into place. But the language does not embrace *all* property "while being assembled," only property "while being assembled, packed, crated, compressed or similarly prepared *for shipment or while awaiting the same or during any delay, storage, transshipment or reshipment incident thereto*, including marine builders risks ..." (emphasis added). This definition cannot be edited to fit builders risk coverage. Moreover, the express inclusion of "marine" builders risk suggests the exclusion of "inland marine" builders risk.

If § 1113(a)(20) were the only applicable subsection of the statute, we might adopt Kiryas Joel's position that builders risk insurance cannot be inland marine insurance under New York law. However, N.Y.Ins. Law § 1113(a)(30) states:

"Substantially similar kind of insurance" means such insurance which in the opinion of the Superintendent is determined to be substantially similar to one of the foregoing kinds of insurance and *thereupon for the purposes of this subchapter shall be deemed to be included in that kind of insurance.*

(Emphasis added.) Thus the Superintendent of Insurance is authorized to determine that a type of insurance that is not listed as inland marine may nonetheless be classified as inland marine so long as it is "substantially similar". In our view, this was accomplished in Circular Letter No. 19 issued by the New York Superintendent of Insurance on November 24, 1987. Circular Letter No. 19 is directed to all insurers licensed to write marine insurance in the State of New York, and concerns the nationwide marine definition adopted by the National Association of Insurance Commissioners, in particular the 1953 version and the revision thereto made in 1976 to include (*inter alia*) builders risk and installation risks. In Circular Letter No. 19, the Superintendent recites that New York previously had declined to include builders risk within the scope of inland marine insurance, but that

[a]s a result of meetings with insurance industry representatives ... the Department has reconsidered and revised its position ... Effective immediately, the foregoing risks may be classified as inland marine insurance subject to the following restrictions and limitations:

\* \* \* \* \* \*

(2) Builder's risk and/or installation risk policies—These risks may be written as inland marine until the earliest of the following events:

(A) Occupancy of the structure by any tenant ...

(B) Delivery to, or acceptance by, the owner of the structure;

(C) Completion of the structure; or

(D) Issuance of a Certificate of Occupancy or Completion covering the structure, by any appropriate governmental authority.

Circular Letter No. 19 is a determination by the Superintendent that builders risk is "substantially similar" to inland marine and thereby brings New York into line with the

emerging consensus in the insurance industry that recognizes builders risk as a form of inland marine insurance. *See* 1 Roderick McNamara, Robert A. Laurence & Glenn L. Wood, Inland Marine Insurance 233–56 (1987); Brunswick G. Deutsch & Ralph Kaskell, Jr., *Builders Risk Insurance*, 9 Construction Law 8 (1989).

Kiryas Joel argues that Circular Letter No. 19 is invalid because it was not promulgated as a regulation. We disagree. Though constrained both by statute and judicial review, the Superintendent has broad authority "to interpret, clarify and implement the legislative policy" of the Insurance Law. *Breen v. Cunard Line*, 33 N.Y.2d 508, 355 N.Y.S.2d 333, 311 N.E.2d 478 (1974). The Superintendent often acts by promulgating regulations that are preceded by notice and comment and that are then filed with the Secretary of State. However, Circular Letters often contain regulatory pronouncements that are less formal than regulations. Generally, New York cases decline to enforce new extra-statutory obligations imposed via Circular Letters, *see In re Midwest Mutual Insurance Company*, 96 A.D.2d 530, 464 N.Y.S.2d 838 (2d Dep't 1983), *aff'd*, 62 N.Y.2d 703, 476 N.Y.S.2d 538, 465 N.E.2d 45 (1984); *accord Downey v. Allstate Insurance Company*, 638 F.Supp. 322 (S.D.N.Y.1986), but do give effect to Circular Letters that interpret existing law or categorize insurance policies, *see, e.g., New York State Association of Life Underwriters v. Superintendent of Insurance*, 37 A.D.2d 304, 325 N.Y.S.2d 172 (3d Dep't 1971), *aff'd*, 30 N.Y.2d 746, 333 N.Y.S.2d 173, 284 N.E.2d 157 (1972).

In light of these authorities, the Superintendent was within his authority in promulgating Circular Letter No. 19. The letter does not require insurers to insure builders risk as inland marine; rather it permits them to do so under certain circumstances. *See New York State Association of Life Underwriters v. Superintendent of Insurance*, 325 N.Y.S.2d at 176 (circular letter stating criteria for approval of certain types of policies is not invalid).

That however does not end the inquiry because nothing on the record indicates that the builders risk policy sold by INA was in fact an inland marine policy. The policy itself is not designated as an inland marine policy and the record on this appeal discloses no communication between or among the parties or their agents concerning the policy's status as inland marine or otherwise. Moreover, the Circular Letter specifies that builders risk policies issued as inland marine insurance must terminate upon the earliest of the following:

(A) Occupancy of the structure by any tenant ...

(B) Delivery to, or acceptance by, the owner of the structure;

(C) Completion of the structure; or

(D) Issuance of a Certificate of Occupancy or Completion covering the structure, by any appropriate governmental authority.

INA's policy deviates from these requirements by failing to provide for termination of coverage upon completion of the structure or receipt of a certificate of occupancy. Accordingly, the district court erred in finding that the policy was an inland marine policy.

Since INA's builders risk policy was not an inland marine policy under New York law, it was subject to the limitations on cancellation enumerated in § 3426 and INA was not otherwise free to cancel the policy.

*Proof of Mailing*

Because we are remanding this case for further proceedings, including a determination of whether INA's notice substantially complied with § 3426 (and whether substantial compliance is sufficient under § 3426), we address one further issue raised by the parties in the briefs. Kiryas Joel argues that INA failed to prove that it mailed the notice of cancellation. We find this argument meritless. The affidavit of Elaine Taylor, an INA employee, declares that on February 12, 1990 she prepared the notice of cancellation as well as a certificate of mailing in accordance with INA's customary practice. Copies of the both are annexed to her affidavit. The Taylor affidavit goes on to state that she followed office procedures and that the certificate of mailing annexed to the affidavit states that she "personally mailed" the notice of cancellation. Kiryas Joel faults the Taylor affidavit for relying on contemporane-

ous office practices and records rather than present recollection. However, Ms. Taylor cannot be expected to cherish a lively memory of each notice she sends. Her statement that she followed office procedure and that her records indicate that she mailed the letter is satisfactory. *See Meckel v. Continental Resources Company,* 758 F.2d 811 (2d Cir.1985).

## CONCLUSION

As the district court found, Kiryas Joel has raised no material issue of fact concerning INA's dispatch of the cancellation notice (or Kiryas Joel's receipt of it). We find however that the district court erroneously concluded that the policy at issue was an inland marine policy. We have examined closely all of INA's other arguments in support of affirmance and find them lacking in merit. We therefore reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.