UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0354

RAFAEL G. RIOS, APPELLANT,

V.

GORDON H. MANSFIELD,
ACTING SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Decided   November 6, 2007   )

*Kathy A. Lieberman,* of Washington, D.C., and *Shelley I. Stiles,* of Brentwood, Tennessee, were on brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Gabrielle L. Clemons* (non-attorney practitioner) all of Washington, D.C., were on the brief for the appellee.

*Robert V. Chisholm,* of Providence, Rhode Island, was on the brief for the National Organization of Veterans' Advocates as amicus curiae.

Before GREENE, *Chief Judge,* and KASOLD, and HAGEL *Judges*.

KASOLD, *Judge*:  In *Rios v. Nicholson,* 490 F.3d 928, 931-32 (Fed. Cir. 2007), the Federal Circuit held that the common law mailbox rule applies to the filing of a Notice of Appeal (NOA) with this Court, and remanded this matter for application thereof.[1]   For the reasons stated below, we find that Mr. Rios has timely filed his NOA and that the Court has jurisdiction to hear his appeal. The Secretary will be directed to file the designation of the record on appeal not later than 60 days after the date of this opinion.

---

[1]  Although the matter on appeal to the Federal Circuit was an en banc decision of the Court, *see Rios v. Nicholson,* 20 Vet.App. 104 (2006), *rev'd*, 490 F.3d 928 (Fed. Cir. 2007), on remand this matter was assigned by the full Court to this panel for further proceedings.  *See Rios v. Nicholson,* __Vet.App.__,__, No. 04-0354, slip op. at 1 (Sept. 4, 2007).

# I. DISCUSSION

## A. The Common Law Mailbox Rule

The common law mailbox rule has been in existence for well over a century, *see Howard v. Daly*, 61 N.Y. 362 (1875); *Huntley v. Whittier*, 105 Mass. 391 (1870); *Tanner v. Hughes*, 53 Penn. St. 289 (1867); *Callan v. Gaylord*, 3 Watts 321 (Pa. 1834), and was given full judicial imprimatur by the U.S. Supreme Court over 120 years ago, in *Rosenthal v. Walker*, 111 U.S. 185 (1884). Under the common law mailbox rule, "if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Rosenthal*, 111 U.S. at 193; *see also Hagner v. United States*, 285 U.S. 427, 430 (1932); *Lewis v. United States*, 144 F.3d 1220, 1222 (9th Cir. 1998); *Wood v. Comm'r*, 909 F.2d 1155, 1161 (8th Cir. 1990). This mailbox rule is based on the presumption that the officers of the government will do their duty in the normal course of business. *See Rosenthal*, *supra*; *see also United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("'[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have properly discharged their official duties.'"); *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926) ("The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.").

The presumption of receipt permitted under the common law mailbox rule is not invoked lightly. *See Sorrentino v. IRS,* 383 F.3d 1187, 1191 (10th Cir. 2004) (applying a strict standard of proof before invoking a presumption of receipt). It requires proof of mailing, such as an independent proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony. *Id.* at 1195 (invoking the mailbox rule's presumption of receipt requires independent proof of a postmark or evidence other than the taxpayer's self-serving testimony as to actual mailing). The independent proof of a postmark may be in the form of business records establishing the mailing, evidence of a course of business regarding mailing, or third party testimony witnessing the mailing. *See Knickerbocker Life Ins. v. Pendleton*, 115 U.S. 339, 347 (1885) (adopting the rule that "allows usage and the course of business to be shown for the purpose of raising a prima facie presumption of fact in aid of collateral testimony"); *Anderson v. United States,* 966 F.2d 487, 491 (9th Cir. 1992) (allowing extrinsic evidence of taxpayer's testimony that she

2

watched the postal clerk stamp her document and affidavit of friend accompanying her to the post office to provide proof of postmark to show a timely mailing); *Estate of Wood v. Comm'r,* 909 F.2d 1155, 1681 (8th Cir. 1990) (finding proof of postmark from the testimony of the attorney preparing estate return, who watched postmistress stamp the document and from the testimony of the postmistress that she stamped the document); *Vill. of Kiryas Joel Local Dev. Corp. v. Ins. Co. of N. Am.*, 996 F.2d 1390, 1394 (2d Cir. 1993) (finding sufficient to create presumption of receipt an employee's statement of customary office procedure plus record indicating that employee mailed letter); *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993) (finding that to invoke the presumption of delivery, a party may "either present evidence of actual mailing, such as an affidavit from the employee who mailed the [tax return] or present proof of procedures followed in the regular course of operations which give rise to a strong inference that the [return] was properly addressed and mailed"); *Myers v. Moore-Kile*, 279 F. 233, 235 (5th Cir. 1922) (using evidence that a document was mailed in the regular course of business as proof that it was actually mailed).

## B. Application

In this instance, Mr. Rios presents to the Court a copy of his November 6, 2003, NOA, a copy of a "Page of Registry of Sent Correspondence" from the Puerto Rico Public Advocate for Veterans Affairs (PRPAVA), and two affidavits from Mrs. Santa Virgen Cruz Carrion, an employee of the PRPAVA, attesting to the mailing procedures at the PRPAVA. In the affidavit, Mrs. Cruz Carrion describes the normal mailing procedure of the PRPAVA and asserts that on the afternoon of November 6, 2003, she followed those procedures when mailing Mr. Rios' NOA to the Court and a copy of it to the Office of the VA General Counsel. Mrs. Cruz Carrion attests that on November 6, 2003, she personally mailed Mr. Rios' NOA by placing it in a U.S. mailbox and subsequently logged the mailing of this document on the Page of Registry of Sent Correspondence; a copy of this document contains a log of a mailing to the Court on behalf of Mr. Rios on the submitted registry. In addition to sending the NOA to the Court, Mrs. Cruz Carrion states that a copy of the NOA was also sent to the Office of the VA General Counsel; this too is noted on the Page of Registry of Sent Correspondence. The mailing address on the copy of the November 6 NOA is the correct address for this Court. In addition to the evidence of mailing submitted by Mr. Rios, he timely followed up his mailing with an inquiry in February 2004 regarding the status of his NOA.

3

Under these circumstances, we find that Mr. Rios has established that his NOA was mailed with the United States Postal Service (USPS) on November 6, 2003. We also take judicial notice that the USPS normal delivery time for mail from Puerto Rico to the Court is three days, *see* United States Postal Service, Postage Rate Calculator, http://postcalc.usps.gov/MailServices.aspx?M =0&P=0&O=1 &OZ=00910&DZ=20004 (last visited Nov. 1, 2007); *see also Smith (Brady) v. Derwinski,* 1 Vet.App. 235, 238 (1991) ("Courts may take judicial notice of *facts* not subject to reasonable dispute." (citing FED. R. EVID. 201(b))). This creates a presumption that the Court received Mr. Rios' NOA on November 9, 2003, well before the end of the 120-day filing period, which was February 13, 2004. *See Rosenthal*, 111 U.S. at 193 (receipt is presumed "at the regular time").

The only evidence to rebut the presumption of receipt is the fact that the NOA was never logged in by the Court,[2] however, this is insufficient to rebut the presumption of delivery under the common law mailbox rule. *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1241 (11th Cir. 2002) ("[A] party's failure to uncover an item, which it was presumed to have received, does not mean that it never received the item and does not rebut the presumption of delivery."); *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001) (stating that the presumption of accuracy in favor of docket entries may be rebutted only by a stronger presumption such as the "mailbox rule"); *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir. 1974) (holding, in a case where petitioners alleged mailing wage claims to the clerk of district court, that "the fact that the clerk's files did not contain the proof of claims" was "by itself insufficient to rebut the presumption of receipt"); *Jones v. United States*, 226 F.2d 24, 27 (9th Cir. 1955) ("The showing that a search of the pertinent files in the [addressee's] office revealed no record of the [relevant documents] having been filed is a purely negative circumstance, insufficient . . . to rebut the presumption of delivery."); *see also Tavares v. Principi*, 18 Vet.App. 131, 141 n.1 (Kasold, J., dissenting) ("Documents get lost in the mail and even lost at this Court." (citing *Evans v. Principi*, 17 Vet.App. 41, 42 (2003))).

---

[2] During oral argument, the Secretary also noted that the PRPAVA has mailed an NOA to the wrong address in the past as was done in the case *Santana-Venegas v. Principi*, 314 F.3d 1293 (Fed. Cir. 2002). Not only is this fact inapposite to this case, where there is no evidence and only a suggestion that the NOA was mailed to the wrong address, in *Santana-Venegas*, the NOA was filed with the VA regional office from which the claim originated and the Federal Circuit held that equitable tolling was for application.

## II. CONCLUSION

Based upon the foregoing analysis and evidence, the Court holds that Mr. Rios filed his NOA by mailing it with the USPS such that the NOA should have been received by the Court in the normal course of business well within the 120-day filing period. The common law mailbox rule creates a presumption that this NOA was so received, and that presumption has not been rebutted. Accordingly, the NOA in this case was timely filed in accordance with 38 U.S.C. § 7266, and the Court has jurisdiction to review Mr. Rios' appeal. The Secretary is directed to file the designation of the record on appeal not later than 60 days after the date of this opinion.