■ EDWIN PRICE, Respondent, v LAWRENCE-VAN VOAST, INC., Respondent, and EMPIRE MUTUAL INSURANCE Co., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered January 3, 1977 in Schenectady County, which granted plaintiff's motion for summary judgment against defendant Empire Mutual Insurance Co. and dismissed the complaint as against defendant Lawrence-Van Voast, Inc. On February 27, 1976, the plaintiff contacted the defendant, Lawrence-Van Voast, Inc., an insurance agency, and requested a change of coverage on an existing automobile insurance policy which had been issued by the defendant, Empire Mutual Insurance Co. On the same day, the defendant Lawrence-Van Voast, Inc., forwarded to Empire Mutual Insurance Co. an action request and its remittance draft for $93 as a premium deposit. Due to a clerical error, comprehensive rather than comprehensive and collision coverage was requested. The remittance draft in the amount of $93 was accepted by the defendant Empire Mutual Insurance Co. and was the proper premium for comprehensive and collision coverage. On March 1, 1976 plaintiff was involved in a one-car collision. The defendant Empire Mutual Insurance Co. subsequently denied coverage. Special Term found that a principal-agent relationship existed between the defendant Empire Mutual Insurance Co. and the defendant Lawrence-Van Voast, Inc., and that the acts of Lawrence-Van Voast, Inc., were binding upon the principal. We concur. Whether an insurance broker represents the insurer or the insured is not controlled by a statutory definition, but rather depends upon the circumstances of the particular case (29 NY Jur, Insurance, § 425; see *Allen v German Amer. Ins. Co.*, 123 NY 6). The facts herein compel the conclusion that the defendant, Lawrence-Van Voast, Inc., was acting as the agent of the defendant Empire Mutual Insurance Co. in procuring the additional coverage requested by the plaintiff. The insurer, Empire Mutual Insurance Co., had in the past

authorized Lawrence-Van Voast, Inc., to procure insurance for the plaintiff. The policy of insurance issued by Empire Mutual was in effect at the time plaintiff made his request for the comprehensive and collision endorsement. Empire Mutual Insurance Co. invested the defendant Lawrence-Van Voast, Inc., with the means of securing insurance coverage and held Lawrence-Van Voast, Inc., out as having the authority to represent it. Furthermore, Empire Mutual Insurance Co. authorized Lawrence-Van Voast to issue a temporary New York State insurance identification card to the Department of Motor Vehicles designating Empire Mutual as plaintiff's insurer. Empire Mutual knowingly permitted Lawrence-Van Voast to act as its agent in this matter and may not now disclaim the paid-up coverage *(Barone v Aetna Life Ins. Co.,* 260 NY 410). Finally, the defendant Empire Mutual obligated itself to provide comprehensive and collision insurance when it accepted the premium for such coverage without questioning the amount thereof. Order affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.