■ GREATER NEW YORK SAVINGS BANK, Respondent, v TRAVELERS INSURANCE COMPANY, Appellant, and EDWARD N. ROSE et al., Defendants.—In an action to recover on a homeowners insurance policy for fire loss, the defendant Travelers Insurance Company appeals from so much of an order of the Supreme Court, Queens County (Leviss, J.), dated September 15, 1989, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff The Greater New York Savings Bank (hereinafter Greater), in its capacity as the mortgagee of the insured premises, asserted a claim for fire loss under an insurance policy issued by the defendant Travelers Insurance Company (Travelers). Travelers disclaimed coverage approximately nine months after it was first notified of Greater's claim and six months after having been informed that there had been a change in occupancy of the subject premises. The basis of Travelers' disclaimer was Greater's failure to afford prior written notice of the change in occupancy.

Notwithstanding the existence of a "non-waiver" agreement executed by Greater about three months after filing its claim, which provided, *inter alia,* that Travelers' investigation of the claim would not constitute an admission of liability and reserved all rights and defenses available to Travelers under the policy, the court found that material issues of fact, with regard to the reasonableness of Travelers' delay in denying coverage and the resulting prejudice to Greater, precluded the granting of summary judgment in this case. We agree.

The non-waiver agreement executed by Greater was not dispositive of the claim inasmuch as it merely allowed Travelers to ascertain the actual value of the property, to determine the amount of the loss, and to investigate the cause of the fire, without waiving its rights under the policy. It did not permit Travelers to unreasonably delay the exercise of those rights, to the detriment of the insured *(see, Allstate Ins. Co. v Gross,* 27 NY2d 263, 269).

Although mere delay in disclaiming coverage does not suffice to estop an insurer from disavowing liability, the doctrine of estoppel has been applied where the insured has been prejudiced as a result of unreasonable delay in failing to disclaim *(see,* 69 NY Jur 2d, Insurance, § 1285, at 746; *O'Dowd v American Sur. Co.,* 3 NY2d 347, 355). Inasmuch as issues of fact were raised with respect to both the reasonableness of the delay and the resulting prejudice to Greater, summary judgment was properly denied. Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.