■ M. GENZALE PLATING Co., INC., Respondent, v AETNA CASUALTY & SURETY COMPANY, Appellant. [606 NYS2d 773] —In an action for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in any and all actions or proceedings resulting from an alleged discharge of certain environmental contaminants at the plaintiff's facility located on New Hyde Park Road, Franklin Square, New York, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 5, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant in this declaratory judgment action, Aetna Casualty and Surety Company, seeks to disclaim its obligation to defend and indemnify the plaintiff, M. Genzale Plating Co., Inc., under a policy of liability insurance that it had issued to the plaintiff.

The plaintiff plates metals at its plant in Nassau County. On April 15, 1981, an inspection of the plaintiff's plant by the Nassau County Department of Health revealed that industrial waste was being discharged into one of the leeching pools on the premises. On July 24, 1981, the New York State Department of Environmental Conservation (hereinafter DEC) notified the plaintiff that it was in violation of the Environmental Conservation Law and, on September 7, 1982, the DEC commenced a proceeding against the plaintiff. That proceeding was resolved by a stipulation, pursuant to which the plaintiff, *inter alia,* agreed to formulate a plan to clean up the site. Most of the $30,000 penalty that was imposed on the plaintiff was suspended provided that the plaintiff complied with the stipulation.

At some unspecified time in 1982 or 1983, the plaintiff, through its managing agent, notified the defendant of a broken pipe on its property. In a letter to the plaintiff dated June 30, 1983, the defendant acknowledged that "damage to your waste line causing damage to the ground by accidental spillage of chemical waste was the cause of this damage." However, the defendant disclaimed coverage, noting that the "peril

of water damage or pipe breakage is not one of the specified perils stated in you *[sic]* policy."

On June 22, 1988, the DEC commenced an action against the plaintiff to clean up its property and to recover most of the penalty that had been imposed in 1983. The defendant again disclaimed coverage, apparently on the ground that the policy issued to the plaintiff specifically excluded coverage for property damage arising out of the particular discharge on the plaintiff's property.

The plaintiff commenced the present action in May of 1990. The defendant moved for summary judgment based on the plaintiff's alleged failure to comply with the notice requirements of the policy. The Supreme Court denied the motion. We affirm.

It is unclear from the record before us whether the notice of loss that the defendant received complied with the terms of its policy, whether the defendant waived enforcement of the notice provision of the policy, whether the defendant unreasonably delayed issuing a disclaimer and, indeed, whether any of the policy's exclusionary provisions apply to this case. Under these circumstances, the Supreme Court properly denied the defendant's motion for summary judgment *(see, Greater N. Y. Sav. Bank v Travelers Ins. Co.,* 173 AD2d 521). Mangano, P. J., Balletta, Santucci and Hart, JJ., concur.