■ INCORPORATED VILLAGE OF PLEASANTVILLE, Respondent-Appellant, v CALVERT INSURANCE COMPANY, Appellant-Respondent, and DAYTON, COREY & DUBBEN, INC., Respondent. [612 NYS2d 441] —In an action, *inter alia,* for a declaratory judgment, the defendant Calvert Insurance Company appeals from so much of an order of the Supreme Court, Westchester County (Burrows, J.), entered April 8, 1992, as denied its motion for summary judgment, and the plaintiff cross-appeals from so much of the same order as denied its cross motion for summary judgment.

Ordered that the order is affirmed, without costs or disbursements.

While it is well established in this State that an insurance broker is the agent of the insured and "notice to the ordinary insurance broker is not notice to the liability carrier" *(Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 442, n 3; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 65), a broker will be held to have acted as the insurer's agent where " '[t]here [is some] evidence of * * * action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred' " *(Kamyr, Inc. v St. Paul Surplus Lines Ins. Co., supra,* at 66, quoting *Matco Prods. v Boston Old Colony Ins. Co.,* 104 AD2d 793, 796; *see also, Transamerica Interway v Commercial Union Assur. Co.,* 97 FRD 419, 422; *Ford v Unity Hosp.,* 32 NY2d 464, 473; *Jet Setting Serv. Corp. v Toomey,* 91 AD2d 431; *D.C.G. Trucking Corp. v Zurich Ins. Co.,* 81 AD2d 990, 991; *Price v Lawrence-Van Voast, Inc.,* 58 AD2d 727; Insurance Law § 3420 [a] [3]). The Supreme Court properly determined that the issue of whether the appellant, Calvert Insurance Company (hereinafter Calvert) held out the defendant Dayton, Corey & Dubben, Inc., as its apparent agent precluded the granting of summary judgment *(see, Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.,* 152 AD2d, at 65, *supra; Jet Setting Serv. Corp. v Toomey,* 91 AD2d 431, *supra; Price v Lawrence-Van Voast, Inc.,* 58 AD2d 727, *supra).*

In addition, in light of the evidence that Calvert did not investigate the claim between the time it received notice in April 1986 and the time of its disclaimer in December 1986, and in light of Calvert's July 7, 1986, letter to another insurer regarding its willingness to discuss the sharing of defense costs, the Supreme Court properly determined that Calvert's eight-month delay in disclaiming based upon the plaintiff's late notice of claim was unreasonable as a matter of law *(see,*

*Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d, at 67, *supra; compare, Greater N. Y. Sav. Bank v Travelers Ins. Co.*, 173 AD2d 521). Insurance Law § 3420 (d) is inapplicable to this case since the underlying claim does not involve death or bodily injury. Thus, despite the fact that Calvert's disclaimer was untimely, it will be given effect unless the plaintiff can show prejudice as a result of unreasonable delay in disclaiming *(see, Greater N. Y. Sav. Bank v Travelers Ins. Co., supra)*. The Supreme Court also properly determined that the Village demonstrated sufficient evidence of prejudice to create a triable issue of fact as to whether Calvert should be estopped from disclaiming *(see, Allstate Ins. Co. v Gross*, 27 NY2d 263, 267; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d, at 67, *supra; Corcoran v Abbott Sommers, Inc.*, 143 AD2d 874).

We have considered the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.