■ Esseks, Hefter & Angel, Appellant, v Government Employees Insurance Company, Respondent. [626 NYS2d 529] —In a declaratory judgment action, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), entered September 22, 1992, which denied its motion for partial summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 16, 1993, which is in favor of the defendant and against it dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

A proceeding pursuant to CPLR article 78 commenced by the plaintiff law firm on behalf of a client, Quogue Associates, was dismissed for improper service in February 1984. The dismissal was affirmed by this Court in August 1985 *(see, Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation,* 112 AD2d 999). Quogue Associates, through a new attorney, subsequently advised the plaintiff in March 1987 that it planned to commence a malpractice action against the plaintiff. The plaintiff, however, did not notify the defendant until early August 1987 of the dismissal of the CPLR article 78 proceeding. The defendant had issued a lawyers professional liability insurance policy to the plaintiff covering the period from March 6, 1983, to March 6, 1984. This policy contained a provision which required the plaintiff to provide the defendant with written notice "as soon as practicable" upon "becoming aware of any act or omission which might reasonably be expected to be the basis of a claim or suit covered hereby". By letter dated July 22, 1988, the defendant disclaimed coverage on the ground that the plaintiff had failed to provide it with written notice in a timely manner as required by the policy. The plaintiff thereafter commenced the instant action for a declaration that the defendant was obligated to defend and indemnify it in the underlying malpractice action.

It is clear that the plaintiff's notice to its insurer, under the circumstances of this case, violated the timeliness provision of the insurance policy. Moreover, although we find, contrary to the decision of the Supreme Court, that the defendant's one-year delay in disclaiming coverage was unreasonable, the disclaimer is effective unless the plaintiff can show that it was prejudiced as a result of this delay *(see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.,* 204 AD2d 689; *Greater N. Y. Sav. Bank v Travelers Ins. Co.,* 173 AD2d 521; *Kamyr, Inc., v St. Paul Surplus Lines Ins. Co.,* 152 AD2d 62, 67; *cf.,* Insurance Law § 3420 [d]). The plaintiff has not raised a triable issue of fact as to whether it suffered prejudice as a result of the delay. Accordingly, the defendant is not estopped from disclaiming coverage, and judgment as a matter of law was properly awarded to the defendant. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.