◼ AETNA CASUALTY & SURETY COMPANY, Appellant, v ITT HARTFORD INSURANCE COMPANY et al., Respondents. [672 NYS2d 310] —Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 5, 1997, after a nonjury trial, which dismissed plaintiff's complaint, unanimously affirmed, with costs.

Plaintiff commenced this action pursuant to Insurance Law § 3420 (b) to collect a default judgment entered against defendants' insured. Defendants, however, properly disclaimed coverage under the policy with their insured, which plaintiff now seeks to reach to satisfy its judgment, and plaintiff has failed to plead or prove a recurring failure by defendants constituting a deceptive business practice under General Busi-

ness Law § 349 (*United Knitwear Co. v North Sea Ins. Co.*, 203 AD2d 358), or an unfair claims settlement practice pursuant to the regulations promulgated to define such practices under Insurance Law § 2601 (*see*, 11 NYCRR 216.0-216.11). We note, moreover, that these regulations do not give rise to a private right of action (*see*, *Newsom v Republic Fin. Servs.*, 130 Misc 2d 780, 782-783). In addition, because plaintiff failed at the trial of this matter to demonstrate any actual prejudice flowing from defendant's untimely and purportedly defective notice of disclaimer, and inasmuch as the action does not involve circumstances triggering the applicability of Insurance Law § 3420 (d), plaintiff has failed to establish a basis upon which defendants might be estopped from relying upon their disclaimer (*see*, *Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689; *State of New York v Ladd's Gas Sta.*, 198 AD2d 654). Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.