■ JEANNE KLINGER, Individually and on Behalf of All Others Similarly Situated, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [702 NYS2d 853] —In an action, *inter alia,* to recover damages for unfair claims settlement practices under 11 NYCRR 216.7, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (D. Goldstein, J.), dated September 29, 1998, as granted those branches of the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first, second, and fifth causes of action asserted in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff filed a claim for property damage under the collision damages portion of her automobile insurance policy issued by the defendant. Her claim, minus a $500 deductible, was paid by the defendant. Thereafter, the plaintiff commenced this action, *inter alia,* to recover the $500 deductible, and the defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint on the ground that it fails to state a cause of action. The Supreme Court granted those branches of the defendant's motion which were to dismiss the first and second causes of action on the ground that no private right of action exists under 11 NYCRR 216.7 or Insurance Law § 2601. The Supreme Court also granted that branch of the defendant's motion which was to dismiss the fifth cause of action on the ground that no duty independent of the contractual obligation was imposed by 11 NYCRR 216.7 or Insurance Law § 2601. On appeal, the plaintiff contends that there is a private right of action under 11 NYCRR 216.7 which supported all three causes of action. We disagree.

Contrary to the plaintiff's contention, the first, second, and fifth causes of action allege unfair claims settlement practices under 11 NYCRR 216.7, which is promulgated under Insurance Law § 2601, and there is no private right of action for the violation thereof (*see, Aetna Cas. & Sur. Co. v ITT Hartford Ins. Co.,* 249 AD2d 241; *see also, Rocanova v Equitable Life Assur. Socy.,* 83 NY2d 603; *New York Univ. v Continental Ins. Co.,* 87 NY2d 308). Even assuming, as the plaintiff contends, that 11 NYCRR 216.7 was not promulgated under Insurance Law § 2601, but rather under Insurance Law § 3411, there is no private right of action thereunder. Insurance Law § 3411 (n) contemplates enforcement of any statutory violations by way of

administrative penalty. In such cases, there is no private right of action unless one is expressly authorized by the legislation. Here there is no such authorization (*see, Rocanova v Equitable Life Assur. Socy., supra; Aetna Cas. & Sur. Co. v ITT Hartford Ins. Co., supra*).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Friedmann, Florio and H. Miller, JJ., concur.