OPINION OF THE COURT
David Elliot, J.
Does the failure of an insurer to timely disclaim coverage within the time limitations set forth in 11 NYCRR 216.6, under a specific exclusion to an otherwise covered loss under a *455 homeowner’s policy, preclude the insurer from denying coverage? For reasons that follow, the Court holds that it does.
The plaintiff, Sam Eveleno (hereinafter Eveleno), moves for summary judgment, and the defendant Colonial Penn Insurance Company (hereinafter Colonial) cross-moves for summary judgment dismissing the complaint.
In this action the plaintiff seeks to recover on a homeowner’s insurance policy issued to plaintiff by defendant Colonial, for damage allegedly sustained to plaintiff’s inground pool on January 7, 2000. Plaintiff alleges that he notified defendant of the claim on January 8, 2000, by telephone. Eveleno does not state whether documentation was required by Colonial, but states that an inspection of the pool was conducted on January 26, 2000, by an expert retained by Colonial. Plaintiff further states that Colonial did not issue a denial of claim until February 29, 2000, at which time they denied the claim, based upon an alleged exclusion in the policy. The denial was issued by letter from the defendant’s claims examiner.
The denial letter states in pertinent part: “We have completed our investigation of your claim. Our investigation has determined that the damages to your pool were the result of adverse conditions of low water level and ground surface water. Please note on pages 12 & 13 of your policy under Additional Coverages #8. Collapse, loss to a swimming pool is not covered unless the loss is the direct result of the collapse of a building and caused by one of the named perils listed on page 13. Otherwise, the collapse must be caused by one of the 17 named perils listed on pages 13-16 of the policy. Also, on pages 17 & 18 under Section I Exclusions, 1. C. Water Damage, the policy excludes surface water below the surface of the ground.”
Plaintiff does not take the position on his motion, or in his opposition to the cross motion, that Colonial was incorrect in its position that the claim was one excluded by the policy. Plaintiff’s motion for summary judgment is based solely upon his position that the defendant had all information relative to the claim by January 26, 2000, and that the failure of Colonial to issue a denial of the claim until February 29, 2000 constituted a violation of the requirements of 11 NYCRR 216.6, entitled Standards for Prompt, Fair and Equitable Settlements. Plaintiff concludes that such alleged violation estops the defendant from denying the claim.
Defendant Colonial opposes the motion, and cross-moves for summary judgment. With regard to the alleged violation of 11 NYCRR 216.6, it is Colonial’s position that the regulations do *456 not create a private right of action, and thus, plaintiffs claim must fall. Colonial also points to a “non-waiver agreement” dated January 11, 2000 and signed by the plaintiff and defendant’s insurance adjuster, and alleges that said agreement extended the time of Colonial to issue its denial.
The “non-waiver agreement” reads as follows: “This agreement is made and entered into by and between the undersigned insurance Company and Sam & Enma Eveleno the insured, for the purpose of facilitating the investigation of the insured’s claim under policy numbers [blank] for loss of Jan 11, 2000 as promptly as possible without prejudice to any rights of either of them. It is therefore mutually understood and agreed that any action taken to investigate any circumstance connected with the claim, the issuance or status of the insurance, the ascertainment of value and loss of any other matter related thereto, shall not be construed to waive, modify, invalidate or forfeit any of their rights under the policy (ies).”
11 NYCRR 216.6 (c) provides that: “Within 15 business days after receipt by the insurer of a properly executed proof of loss and/or receipt of all items, statements and forms which the insurer requested from the claimant, the claimant, or the claimant’s authorized representative, shall be advised in writing of the acceptance or rejection of the claim by the insurer. When the insurer suspects that the claim involves arson, the foregoing 15 business days shall be read as 30 business days pursuant to section 2601 of the Insurance Law. If the insurer needs more time to determine whether the claim should be accepted or rejected, it shall so notify the claimant, or the claimant’s authorized representative, within 15 business days after receipt of such proof of loss, or requested information. Such notification shall include the reasons additional time is needed for investigation. If the claim remains unsettled, unless the matter is in litigation or arbitration, the insurer shall, 90 days from the date of the initial letter setting forth the need for further time to investigate, and every 90 days thereafter, send to the claimant, or the claimant’s authorized representative, a letter setting forth the reasons additional time is needed for investigation. If the claim is accepted, in whole or in part, the claimant, or the claimant’s authorized representative, shall be advised in writing of the amount offered. In any case where the claim is rejected, the insurer shall notify the claimant, or the claimant’s authorized representative, in writing, of any applicable policy provision limiting the claimant’s right to sue the insurer.”
*457 Defendant has not shown compliance with the requirements of the regulation, in that Colonial did not issue a denial within 15 business days, did not notify its insured of the need for additional time, and did not present the reasons such additional time would be needed. The Court finds that the “non-waiver agreement” did not satisfy the requirements of 11 NYCRR 216.6 (c). A non-waiver agreement does not permit the carrier to unreasonably delay the rights of the insured, to the detriment of the insured. (Greater N. Y. Sav. Bank v Travelers Ins. Co., 173 AD2d 521.) As a non-waiver agreement, it cannot be said that the'insured waived his rights to insist upon compliance with the regulations.
Defendant further asserts that plaintiff does not state a cause of action, in that the regulations do not create a private right of action. Defendant is correct in its assertion that a private right of action is not created by the insurance regulations. (Rocanova v Equitable Life Assur. Socy., 83 NY2d 603.) However, the cases so holding refer to a cause of action based upon the violation itself, ordinarily seeking punitive damages. Such is not the case here. In this case, the plaintiff sues upon the policy of insurance issued by the defendant, and alleges that the failure to promptly disclaim precludes the carrier from doing so.
The issue presented is, therefore, whether the failure of the defendant insurance company to promptly disclaim under the homeowner’s policy issued to the plaintiff, in violation of the standards set forth in 11 NYCRR 216.6 and Insurance Law § 2601, precludes the insurer from disclaiming under a specific exclusion under the policy, where, as here, the particular item of damage is covered, but excluded under certain circumstances.
Plaintiff takes the position that the controlling authority is the case of Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d 274), a case involving no-fault benefits. The issue before the Court of Appeals in that case, as stated by the majority, was whether the lower courts (at 277) “properly precluded Maryland from raising an intoxication defense in the ensuing lawsuit on the ground that it did not timely deny the subject no-fault claim pursuant to both the Superintendent’s regulations and the Insurance Law,” citing 11 NYCRR 65.15 (g) (3) and Insurance Law § 5106 (a). The Court answered the question in the affirmative.
Although the Presbyterian decision was based upon the statute and regulations governing no-fault benefits, the Court *458 pointed out that it has also precluded insurers from denying liability after untimely notification of denials related to liability coverage, citing, inter alia, Hartford Ins. Co. v County of Nassau (46 NY2d 1028).
Another case involving no-fault benefits, not cited by the parties but decided on the same day as Presbyterian, is the case of Central Gen. Hosp. v Chubb Group of Ins. Cos. (90 NY2d 195). There, in a decision also by Judge Bellacosa, the Court found that the insurer’s untimely disclaimer does not prevent it from raising a defense of lack of coverage premised on an allegation that the injured person’s condition was unrelated to the underlying accident. As stated by the Court: “The denial of liability based upon lack of coverage within the insurance agreement, as framed in part by the litigation strategy and nature of the instant dispute, is distinguishable from disclaimer attempts based on a breach of a policy condition.” (Central Gen. Hosp. v Chubb Group, supra, at 199.)
In Presbyterian, the Court referred to the application of the issue of preclusion to liability insurance in “a parallel universe and more general context” (Presbyterian, supra, at 282). The issues herein are no less parallel.
Applying the concepts of Presbyterian and Central Gen. Hosp. to the homeowner’s policy issued by the defendant, it must be determined whether the disclaimer ultimately issued by Colonial, on the basis that the policy excluded the precise manner in which the collapse of the plaintiffs pool occurred, was the type of denial of coverage referred to in Central Gen. Hosp., or based upon the breach of a policy condition. There is no easy analysis, particularly in that the Presbyterian Court, which precluded the insurance carrier from denying liability, dealt with a breach of a statutory exclusion from the policy, intoxication.
The distinction between breach of a statutory exclusion which would preclude a late denial under Presbyterian (the statutory exclusion of intoxication), and the existence of an exclusion which would not preclude a late denial under Central Gen. Hosp. (lack of coverage for an injury unrelated to a covered accident), is at times a difficult one. The Presbyterian Court refers to Zappone v Home Ins. Co. (55 NY2d 131), which provides some guidance in distinguishing a denial of liability based upon a policy exclusion, in which case there is no coverage, from an exclusion resulting from the breach of a policy condition.
The Zappone case dealt with denials of automobile liability insurance coverage. The Court broke the denials into three cat *459 egories. It held that an insurer may deny liability because the insured has failed to cooperate, or failed to give notice of an accident or of the commencement of an action against the insured. In such cases the policy covers the driver, the vehicle and the accident, and so the carrier will be liable unless it disclaims liability because of the insured’s breach. In situations such as where the person injured was an employee of the insured whose injury arose out of and in the course of his employment or was injured while an automobile insured as a pleasure vehicle was being used as a public conveyance, the insurer must deny coverage on the basis of the specific policy exclusion (the Court added “if it is not to mislead the insured and the injured person to their detriment” [supra, at 136]). On the other hand, where there was no contract of insurance, or if the policy had been terminated prior to the occurrence, the insurer would not be required to deny coverage, there being no contractual relationship with respect to the vehicle.
The Appellate Division, Second Department, has with regard to a homeowner’s policy addressed the issue of the failure of an insurer to assert in its notice of disclaimer the ground ultimately relied upon, in connection, with the obligation to indemnify and defend in a dog bite case, Metropolitan Prop. & Cas. Ins. Co. v Pulido (271 AD2d 57). In that case, decided on Jeme 26, 2000, the ultimate denial was based upon the definition of “insured premises.” Only premises which was the residence of the insured was covered, and since the premises was not the residence of the insured, the court held that there was no coverage, and thus no preclusion resulting from an untimely denial. This fits neatly within the Central Gen. Hosp. analysis, which holds that the preclusion remedy does not apply to a defense of no coverage at all. (Presbyterian, supra, at 202.)
On June 20, 2000, the Court of Appeals in a decision by Chief Judge Kaye, addressed disclaimers in the context of underinsured motorists coverage, distinguishing Zappone and Handelsman v Sea Ins. Co. (85 NY2d 96 [discussed below]), explaining when timely denial of coverage was required. (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185.) As stated by Chief Judge Kaye:
“drawing the line between a lack of coverage in the first instance (requiring no disclaimer) and a lack of coverage based upon an exclusion (requiring timely disclaimer) has at times proved problematic. Both are situations where there is no coverage. Zappone and Handelsman, however, illustrate the distinction and demonstrate why, in the case before us, timely denial of coverage was required.
*460 “In Zappone, the policy’s coverage clause at the outset conditioned recovery on liability ‘arising out of the ownership, maintenance or use of [a covered] or a non-owned automobile’ [citations omitted]. Because the automobile involved in the accident was owned by a family member and was not within the coverage clause, we concluded that there was never a contractual relationship between the carrier and the claimant giving rise to any duty, including the statutory duty to timely disclaim. We explicitly distinguished the situation where a claim would be covered but for a specific policy exclusion, explaining that ‘the carrier must deny coverage on the basis of the exclusion if it is not to mislead the insured and the injured person to their detriment’ (Zappone v Home Ins. Co., supra, 55 NY2d, at 136).” (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 189.)
The Worcester Court distinguished Handelsman (supra), a case in which a mother and son filed a claim under the father’s policy, which did not list the vehicle involved in the son’s accident as a covered automobile. The mother and son were listed in the father’s policy as “insureds,” under a definition which did not contain a limitation as to vehicles. The carrier did not timely disclaim, but as the Court explained in Worcester, “we concluded that a relationship between the carrier and the claimants existed, requiring timely denial of coverage based on the policy exclusion.” (Matter of Worcester Ins. Co. v Bettenhauser, 95 NY2d 185, 189, supra.)
In this case there is agreement that there was in existence a policy of insurance, which did, subject to certain exclusions, cover the specific item of damage, a collapsed pool. The exclusion relied upon by Colonial is a specific exclusion, for the specific circumstance which Colonial belatedly alleges was the cause of the occurrence. Colonial does not allege that their insured breached a policy condition. As there was an insurance policy in effect which covered the pool in question, and there was no breach by the insured, this case is, therefore, akin to the second category referred to in the Zappone analysis.
Particularly in a dynamic situation such as a pool collapse, which requires rapid investigation and repair to avoid further damage, it is incumbent upon the carrier to conduct its investigation promptly, within the parameters set forth by the insurance regulations. To do otherwise would be to place an insured in the untenable position of forfeiting the right to conduct his own prompt investigation, and promptly commence curative repair, whether to prevent further destruction of real *461 or personal property, or to be able to promptly commence whatever action may be available against third parties. It is this result that the Court of Appeals sought to avoid in Matter of Worcester (supra, citing Zappone, supra) in requiring the carrier to timely disclaim coverage if the insured is not to be mislead to his detriment.
The insurer had a remedy. As set forth above, the Regulations allow the insurer to obtain additional time, by the mere sending of a notice to the insured. Having failed to do so, the insurer cannot now complain that it is held to the standards set forth in Insurance Department Regulations.
It appears to this Court that the failure of the defendant insurer to promptly disclaim coverage under this specific exclusion in the policy constitutes a violation of the standards for prompt, fair and equitable settlements set forth in 11 NYCRR 216.6, and precludes the insurer from denying coverage. Summary judgment is, therefore, awarded to the plaintiff on the issue of liability. Plaintiff is granted leave to serve and file a notice of trial for an assessment of damages, together with a copy of this order with notice of entry, and the appropriate fee.