■ CITY SCHOOL DISTRICT OF ALBANY et al., Appellants, v GENERAL STAR NATIONAL INSURANCE COMPANY, Respondent, et al., Defendant. [746 NYS2d 487] —In an action, inter alia, for a judgment declaring that the defendant General Star National Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Granger & Sons v City School Dist. of Albany, New York,* pending in the Supreme Court, Albany County, under Index No. 2502-96, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated June 28, 2001, which denied their motion for summary judgment and granted the cross motion of the defen-

dant General Star National Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant General Star National Insurance Company is not obligated to defend and indemnify the plaintiffs in the underlying action.

It is well settled that clear and unambiguous provisions in an insurance policy must be given their plain and ordinary meaning, "and the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists" (*Milbin Print. v Lumbermen's Mut. Cas. Ins. Co.,* 283 AD2d 467, 468). Here, the Supreme Court properly determined that General Star National Insurance Company (hereinafter General Star) was not obligated to defend and indemnify the plaintiffs in the underlying action. The subject endorsement, upon which the plaintiffs relied in arguing that General Star was obligated to defend and indemnify them in the underlying action, did not provide coverage under the facts presented (*see generally Lancer Ins. Co. v Utica Natl. Ins. Group,* 281 AD2d 461). Furthermore, the plaintiffs failed to raise a triable issue of fact that they were prejudiced by General Star's delay in disclaiming coverage (*see Esseks, Hefter & Angel v Government Empls. Ins. Co.,* 215 AD2d 430).

We note that since this is a declaratory judgment action, the matter must be remitted for the entry of a judgment declaring that the defendant General Star is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Florio, J.P., Smith, Luciano and H. Miller, JJ., concur.