■ THEODORE DE MARINIS et al., Respondents, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [774 NYS2d 436]—

In an action to recover damages for breach of an insurance contract, the defendant appeals from (1) an order of the Supreme Court, Kings County (Jackson, J.), dated March 19, 2003, which granted the plaintiffs' motion for summary judgment, in effect, on the second cause of action and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 4, 2003, which, upon the order, is in favor of the plaintiffs and against it in the principal sum of $39,527.70

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the motion is denied, and the order dated March 19, 2003, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant, Tower Insurance Company of New York (hereinafter Tower), issued the plaintiffs a homeowners' insurance policy which, at all relevant times, covered, among other items, damage to the plaintiffs' residence. The policy also contained certain exclusions to coverage, including an exclusion for "Water Damage," as that term was defined in the policy.

In March 2001 the plaintiffs' residence allegedly sustained damage due to rain, and on March 15, 2001, the plaintiffs filed a claim with Tower under their homeowners' policy. Tower investigated the claim and, by letter dated May 22, 2001, more than 60 days after the claim was filed, it disclaimed coverage due to the policy exclusion for water damage.

Thereafter, the plaintiffs commenced this action against Tower to recover damages for breach of contract arising out of Tower's disclaimer of coverage. In the second cause of action in their amended complaint, they asserted that Tower was precluded from disclaiming coverage based upon a policy exclusion because of its alleged violation of 11 NYCRR 216.6 (c). Eventually, they moved for summary judgment, in effect, on their second cause of action. In response, Tower cross-moved for

summary judgment dismissing the complaint, asserting that its alleged failure to comply with 11 NYCRR 216.6 (c) did not preclude it from disclaiming coverage based upon the policy exclusion. Rather, it argued that the common-law rule applied, providing for preclusion only if the delay in disclaiming coverage was unreasonable and resulted in prejudice to the insured.

By order dated March 19, 2003, the Supreme Court granted the plaintiff's motion and denied Tower's cross motion, and on April 4, 2002, a judgment was entered in favor of the plaintiffs and against Tower in the principal sum of $39,527.70. On appeal by Tower, we conclude that the Supreme Court improperly granted the plaintiffs' motion, but properly denied Tower's cross motion.

Pursuant to Insurance Law § 2601, which prohibits insurers from engaging in unfair claim settlement practices, the Superintendent of Insurance has issued part 216 of the Insurance Regulations (11 NYCRR 216.0). Part 216, which the parties do not dispute is applicable to the instant case, "contains claim practice rules which insurers must apply to the processing of all first- and third-party claims arising under policies subject to this Part" (11 NYCRR 216.0 [a]). Insofar as is relevant to the instant appeals, 11 NYCRR 216.6 (c) requires an insurer, "[w]ithin 15 business days after receipt by the insurer of a properly executed proof of loss and/or receipt of all items, statements and forms which the insurer requested from the claimant," to advise a claimant, or a claimant's representative, in writing, (1) of its acceptance or rejection of a claim, or (2) that it needs more time to determine whether the claim should be accepted or rejected.

It is well settled that no private cause of action exists for a violation of Insurance Law § 2601 or for an alleged violation of part 216 of the Insurance Regulations (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 614 [1994]; Bettan v Geico Gen. Ins. Co., 296 AD2d 469, 470 [2002]; Klinger v Allstate Ins. Co., 268 AD2d 562 [2000]; Newsom v Republic Fin. Servs., 130 Misc 2d 780 [1985]). Moreover, cases have held that, in rejecting a plaintiff's claim, an insurer's failure to comply with a different requirement of 11 NYCRR 216.6 (c) than at issue in this case was insufficient to estop the insurer from relying upon the plaintiff's failure to commence his or her action within the limitations period provided in the policy (see Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913, 915 [1997]; May v Aetna Life & Cas. Co., 204 AD2d 1007 [1994]; see also Sirignano v Chicago Ins. Co., 192 F Supp 2d 199 [2002]). Applying those cases to the facts of this case, Tower's failure to comply

with 11 NYCRR 216.6 (c) does not preclude it from relying on a policy exclusion to disclaim coverage. To the extent that this decision and order conflicts with *Eveleno v Colonial Penn Ins. Co.* (188 Misc 2d 454 [2001]), the primary case upon which the Supreme Court relied in granting the plaintiffs' motion for summary judgment in the instant case, we decline to follow that case.

The Supreme Court, however, properly denied Tower's cross motion for summary judgment dismissing the complaint. As noted, the policy issued to the plaintiffs excluded from coverage "Water Damage" to their residence. It defined "Water Damage" as follows: "(1) Flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind; (2) Water which backs up through sewers or drains or which overflows from a sump; or (3) Water below the surface of the ground, including water which exerts pressure on or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure."

Based on the plaintiffs' description of how the damage occurred (i.e., high winds causing damage to the premises and rain damage to the interior), and the description in Tower's disclaimer letter as to how the damage occurred (as "a result of water seeping through the rear wall of [the premises' family room]" and "water entering from the side door and traveling under the granite tiles)," Tower failed to establish a prima facie case that the policy did not cover the loss claimed, and therefore it was not entitled to summary judgment dismissing the complaint (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Smith, J.P., Luciano, Adams and Rivera, JJ., concur.