■ CYTOPATH BIOPSY LABORATORY, INC., Appellant, v UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent. [774 NYS2d 710]—

Judgment, Supreme Court, New York County (Leland De-Grasse, J.), entered August 21, 2003, dismissing the complaint, pursuant to a prior grant of defendant's motion for summary judgment, unanimously affirmed, with costs.

Defendant disclaimed insurance coverage when plaintiff failed to establish that its business interruption losses stemmed from a "direct physical loss to property" (compare *Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1, 6-7 [2002]), such as a break in a pipe. The laboratory was ordered to shut down after a discharge of noxious fumes caused other tenants in the building to become ill. Even if this had been due to a break in a pipe, as plaintiff contends, the lab was closed for only a few hours, and could have returned to operation promptly had the pipe been repaired expeditiously. However, the real losses claimed herein resulted from refusal by the authorities to permit resumption of operations until proper permits were obtained and a more acceptable ventilation system was installed. The policy specifically disclaimed coverage for losses occasioned not only by negligent design, materials or maintenance, but also by "Acts or decisions[,] including the failure to act or decide, of any person, group, organization or governmental body."

"The purpose of business interruption insurance is to indemnify the insured against losses arising from inability to continue normal business operation and functions due to the damage sustained as a result of the hazard insured against" (*Howard Stores Corp. v Foremost Ins. Co.*, 82 AD2d 398, 400 [1981], *affd for reasons stated* 56 NY2d 991 [1982]). There was no covered loss here within the meaning of the policy.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Ellerin and Lerner, JJ.