■ WAL-MART STORES, INC., Respondent-Appellant, v UNITED STATES FIDELITY AND GUARANTY COMPANY et al., Appellants-Respondents. [816 NYS2d 17]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 28, 2005, which, in an action under an all risk policy to recover lost business income, expenses incurred in reducing the loss of business income, and expenses incurred in adjusting the claim, inter alia, granted defendants insurers' motion for summary judgment to the extent of dismissing so much of the loss adjustment claim as seeks to recover attorneys' fees incurred in litigating this action, and granted plaintiff's cross motion to dismiss various of defendants' affirmative defenses, unanimously modified, on the law, to dismiss the defense of loss in progress, and otherwise affirmed, without costs.

The motion court correctly found an issue of fact as to whether plaintiff's closing of its store was necessitated by the physical damage to the store caused by the December 6, 1996 rockslide, in which event lost business income would be covered, or was made out of concern for the safety of the store and its occupants raised by the risk of future rockslides, in which event there would not be coverage (cf. *Cytopath Biopsy Lab. v United States Fid. & Guar. Co.*, 6 AD3d 300 [2004]). We reject defendants' argument that plaintiff's affidavits in opposition were tailored to avoid the consequences of sworn testimony and documents to the effect that while repairs should not be undertaken until the adjacent hillside was stabilized, they were nevertheless feasible, and note contemporaneous correspondence claiming serious damage to the structural integrity of the rear wall and roof. Defendants' nonfortuity and known loss affirmative defenses, assuming their viability independently of the policies and Insurance Law, were properly dismissed upon a finding that the December 6, 1996 rockslide, while a known risk at the time the policies took effect, was not "substantially certain to occur" (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Stroh Cos., Inc.*, 265 F3d 97, 106 [2d Cir 2001], quoting Ostrager and Newman, Insurance Coverage Disputes § 8.02, at 248 [5th ed 1991]). We modify to dismiss as well the loss in progress defense, a close variant of the known loss defense (*see Inland Waters Pollution Control, Inc. v National Union Fire Ins. Co.*,

997 F2d 172, 177 [1993]), apparently overlooked by the motion court. Defendants' obligation to reimburse plaintiff for attorneys' fees incurred in litigating its claims under the policies is not "unmistakably clear" from the relied-upon loss adjustment expenses clause, and, accordingly, the claim therefor was properly dismissed (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 492 [1989]). We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Friedman, Marlow and Malone, JJ.