■ DALE R. BLANAR et al., Appellants, v STATE FARM INSURANCE COMPANIES, Respondent. [824 NYS2d 702]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered November 9, 2005. The order granted defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion seeking dismissal of the complaint as time-barred. It is undisputed that plaintiffs failed to commence this action for first-party coverage under their homeowners insurance policy within two years after the occurrence causing the loss or damage, as required by a provision in the policy. "Such limitations periods are enforceable" (*Schunk v New York Cent. Mut. Fire Ins. Co.*, 237 AD2d 913, 914 [1997]; *see Blitman Constr. Corp. v Insurance Co. of N. Am.*, 66 NY2d 820, 823 [1985]) and, although the action was commenced within the six-year statute of limitations for breach of contract actions (*see* CPLR 213 [2]), "[i]t is well settled that parties to a contract may agree that a lawsuit must be commenced within a shorter period than that prescribed by law" (*Renee Knitwear Corp. v ADT Sec. Sys., Northeast*, 277 AD2d 215, 216 [2000]). We note "[i]n addition [that] a party who signs a written contract 'is conclusively

presumed to know its contents and to assent to them'. . . , and the signer is bound by its terms unless there is a showing of fraud, duress, or some other wrongful act on the part of any party to the contract" (*id.*). Contrary to plaintiffs' contention, the fact that the policy contains a different limitations period with respect to third-party coverage does not create an ambiguity that would have the effect of extending the limitations period with respect to first-party coverage (*see generally United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]; *State Farm Mut. Auto. Ins. Co. v Westlake*, 35 NY2d 587, 591 [1974]).

Finally, we reject plaintiffs' further contention that defendant is estopped from relying on the shorter limitations period contained in the policy based on its alleged failure to comply with 11 NYCRR 216.6 (c) and (h). "It is well settled that no private cause of action exists for . . . an alleged violation of part 216 of the Insurance Regulations," and an insurer's failure to comply with section 216.6 does not estop the insurer from relying on the limitations period in the insurance policy (*De Marinis v Tower Ins. Co. of N.Y.*, 6 AD3d 484, 486 [2004]; *see Schunk*, 237 AD2d at 914-915; *May v Aetna Life & Cas. Co.*, 204 AD2d 1007 [1994]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.