MAXINE MALLORY, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent. [933 NYS2d 896]—

The plaintiff commenced this action, inter alia, to recover the proceeds of a fire insurance policy. The defendant asserted several affirmative defenses based on policy exclusions. The plaintiff moved to dismiss the defendant's first, second, and third affirmative defenses on the ground that the defendant was precluded from raising those defenses as a result of the defendant's failure to comply with 11 NYCRR 216.6 (c) in processing the plaintiff's claim. The Supreme Court properly denied the motion. In *De Marinis v Tower Ins. Co. of N.Y.* (6 AD3d 484, 486-487 [2004]), this Court held that a failure to comply with 11 NYCRR 216.6 (c) does not preclude an insurance company from relying on a policy exclusion to disclaim coverage. We decline the plaintiff's invitation to overrule *De Marinis*. Accordingly, the plaintiff did not demonstrate that the defenses were without merit as a matter of law (see CPLR 3211 [b]; *Galasso, Langione & Botter, LLP v Liotti*, 81 AD3d 880, 882 [2011]). Skelos, J.P., Hall, Lott and Roman, JJ., concur.