■ B&R CONSOLIDATED, LLC, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Doing Business as ZURICH NORTH AMERICA and Another, et al., Appellants. [993 NYS2d 121]—

In an action, inter alia, pursuant to Insurance Law § 3420 (b) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the defendants' purported insured, the defendants appeal from (1) an order of the Supreme Court, Nassau County (McCormack, J.), dated July 17, 2012, which denied their motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment on the complaint, and (2) a judgment of the same court entered September 12, 2012, which, upon the order, and upon a stipulation as to damages, is in favor of the plaintiff and against them in the total sum of $706,042.46.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order

are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants, Zurich American Insurance Company, doing business as Zurich North America, doing business as Zurich (hereinafter Zurich), and American Guarantee and Liability Insurance Company (hereinafter American Guarantee), are the professional liability insurers for Frederic Powell, an attorney who was sued by his former client, B&R Consolidated, LLC (hereinafter B&R), the plaintiff herein, in a prior action (hereinafter the underlying action). B&R alleged in the underlying action that Powell represented it in a real estate transaction in which it and Nathan Halegua loaned the sum of $450,000 to Roland Lyons in November 2006. Lyons paid off the loan in June 2007 by sending payment to Powell in his capacity as B&R's attorney, but Powell never informed B&R or Halegua of this. Rather, Powell continued to pay installments on the loan from his attorney IOLA account, or the personal bank account that he shared with his wife. When Halegua requested that B&R buy out his interest in the loan, Powell assured B&R that the loan was secure. In 2008, after B&R bought out Halegua's interest in the loan, Powell began having difficulty making the payments on the loan. Thereafter, Powell advised B&R that the loan had been paid off in June 2007 and that he had used the money for other projects on its behalf. The amended complaint in the underlying action alleged, inter alia, breach of fiduciary duty and breach of the duty of loyalty. In the underlying action, the Supreme Court awarded summary judgment on the issue of liability to B&R, determining that Powell breached his fiduciary duty and duty of loyalty to B&R. A judgment in favor of B&R in the principal sum of $585,056.18 was entered against Powell and his wife, a codefendant in the underlying action.

Powell notified the defendants of B&R's claims against him 51 days after receiving the summons and complaint in the underlying action. Counsel was assigned by the defendants to represent Powell in that action. Eighteen days after Powell provided notice to the defendants, they sent Powell a letter reserving their right to disclaim coverage based upon certain policy exclusions and his failure to give timely notice of the commencement of the action against him. However, the defendants did not disclaim coverage until approximately five months later. The disclaimer was based on Powell's alleged failure to give timely notice of the commencement of the underlying action. The defendants further advised Powell that they reserved the right to deny coverage on all other grounds set forth in their earlier letter, and that they would no longer provide a

defense or indemnify him in the underlying action. Thereafter, B&R commenced this action directly against the defendants to recover the amount of its judgment in the prior action pursuant to Insurance Law § 3420 (b). The defendants moved for summary judgment dismissing the complaint and B&R cross-moved for summary judgment on the complaint. The Supreme Court denied the defendants' motion and granted B&R's cross motion

The defendants' contention that Zurich is not a proper party to this action under Insurance Law § 3420 (b) because it did not issue the subject policy to Powell is without merit. Although the defendants made a prima facie showing that Zurich did not issue the subject policy by submitting a copy of the policy's declaration page, which stated that the issuing company was American Guarantee, B&R established in opposition to the defendants' motion and in support of its cross motion that an apparent agency relationship existed between Zurich and American Guarantee which extended potential vicarious liability to Zurich (*see generally Hallock v State of New York*, 64 NY2d 224, 231 [1984]). In addition to the presence of Zurich's logo on documents created and distributed by American Guarantee, B&R demonstrated that Zurich's claims counsel was assigned to handle Powell's case, that the assigned counsel was required to follow Zurich's guidelines and to submit bills to Zurich, and that Powell was contacted by Zurich's Customer Care Center regarding the claim and was directed to file his claim on Zurich's website (*see Fletcher v Atex, Inc.*, 68 F3d 1451, 1461-1462 [2d Cir 1995]). This evidence of Zurich's direct participation in the administration of Powell's claim is sufficient to establish, prima facie, that an agency relationship existed between Zurich and American Guarantee such that Zurich may be held liable to B&R (*see In re Parmalat Sec. Litig.*, 375 F Supp 2d 278, 295 [SD NY 2005]). In opposition to B&R's cross motion, the defendants failed to raise a triable issue of fact.

Contrary to the defendants' contention, the Supreme Court did not err in holding that American Guarantee was estopped from relying upon its late notice defense on the basis that its disclaimer to Powell was untimely. Where, as here, the matter does not involve death or bodily injury, the untimely disclaimer by an insurer does not automatically estop the insurer from disclaiming on the basis of late notice unless there has been a showing of prejudice to the insured due to the delay (*see Only Natural, Inc. v Realm Natl. Ins. Co.*, 37 AD3d 436 [2007]; *United States Fid. & Guar. Co. v Weiri*, 265 AD2d 321 [1999]; *Esseks, Hefter & Angel v Government Empls. Ins. Co.*, 215 AD2d 430 [1995]). Although the court did not make a determination that

Powell was prejudiced by the defendants' approximate five-month delay in disclaiming coverage, based upon this record, B&R made a sufficient showing of prejudice to Powell due to the defendants' late disclaimer such that the defendants are estopped from disclaiming coverage (*cf. Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]). Moreover, the purported reason for the disclaimer of coverage was evident on the face of the original complaint, and did not require any additional investigation by the insurer (*see Uptown Whole Foods v Liberty Mut. Fire Ins. Co.*, 302 AD2d 592, 593 [2003]). The defendants failed to rebut this showing.

The defendants' remaining contentions are either without merit or not properly before the Court.

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and properly granted B&R's cross motion for summary judgment on the complaint. Skelos, J.P., Leventhal, Chambers and Maltese, JJ., concur.