# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**903**

**CA 16-00317**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

ALBERT FRASSETTO ENTERPRISES,
PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

HARTFORD FIRE INSURANCE COMPANY,
DEFENDANT-APPELLANT.

---

GOLDBERG SEGALLA LLP, BUFFALO (BRIAN R. BIGGIE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (JOHN D. CELANI OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered July 16, 2015. The order denied defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, the complaint is dismissed, the counterclaim is granted and judgment is granted in favor of defendant as follows:

It is ADJUDGED and DECLARED that plaintiff's claim for special business income losses under the subject policy is time-barred by the contractual limitation period.

Memorandum: Plaintiff commenced this action seeking to recover lost rents from defendant under an insurance policy providing coverage for, among other things, special business income (SBI) losses due to the interruption of plaintiff's business operations arising from a covered occurrence of direct physical loss of or damage to plaintiff's property. In the complaint, plaintiff sought a declaration with respect to its requested relief in the first cause of action and asserted a cause of action for breach of contract in the second cause of action.

We agree with defendant that Supreme Court erred in denying its motion for summary judgment dismissing the complaint. Defendant met its burden on the motion by establishing that the only fair construction of the policy is that the two-year limitation period contained in the "Property Choice Coverage Part" (coverage part) is a condition that unambiguously applies to the entire coverage part, which includes the SBI coverage form under which plaintiff seeks to

recover (*see Travelers Ins. Co. v Benderson Dev. Co., LLC*, 133 AD3d 1361, 1362; *Blanar v State Farm Ins. Cos.*, 34 AD3d 1333, 1333-1334). It is undisputed that plaintiff failed to commence this action within two years of the covered occurrence of property loss or damage.

Plaintiff nonetheless contends that the two-year limitation period is inapplicable to its claim because the policy period provision restricts the scope of the coverage part such that the SBI coverage form provides separate and distinct coverage not subject to the conditions of the coverage part. Contrary to plaintiff's contention, we conclude that the policy period provision, which provides that "[i]n this [c]overage [p]art, [defendant] only cover[s] direct physical loss or direct physical damage which occurs during the policy period," is entirely consistent with the coverage afforded under the SBI coverage form, which provides that plaintiff's claim would be paid for SBI losses "incur[red] due to the necessary interruption of [its] business operations during the [applicable period] due to direct physical loss of or direct physical damage caused by or resulting from" a covered occurrence. Indeed, " '[t]he purpose of business interruption insurance is to indemnify the insured against losses arising from inability to continue normal business operation and functions due to the damage sustained as a result of the hazard insured against' " (*Cytopath Biopsy Lab. v United States Fid. & Guar. Co.*, 6 AD3d 300, 301). Here, the only fair construction of the policy language is that the SBI coverage form provides coverage for losses incident to the direct physical property damage or loss, i.e., "expense[s] ancillary to and resulting from the covered casualty," not separate and distinct coverage falling outside of the coverage part to which the two-year limitation period condition applies (*815 Park Ave. Owners v Fireman's Ins. Co. of Washington, D.C.*, 225 AD2d 350, 352, *lv denied* 88 NY2d 808). Finally, we reject plaintiff's contention that the language of the policy is ambiguous inasmuch as the interpretation urged by plaintiff "would strain the contract language beyond its reasonable and ordinary meaning" (*Consolidated Edison Co. of N.Y. v United Coastal Ins. Co.*, 216 AD2d 137, 137, *lv denied* 87 NY2d 808 [internal quotation marks omitted]; *see generally Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 25 NY3d 675, 680; *Loblaw, Inc. v Employers' Liab. Assur. Corp., Ltd.*, 57 NY2d 872, 877).

Entered:  November 10, 2016                    Frances E. Cafarell
                                               Clerk of the Court